**UNITED STATES of America,**
**Plaintiff,**

v.

**Reynaldo LANDRON–CLASS,**
**Defendant.**

**Criminal No. 09–329 (FAB).**

United States District Court,
D. Puerto Rico.

May 28, 2010.

Scott H. Anderson, United States Attorneys Office, District of Puerto Rico, San Juan, PR, for Plaintiff.

## MEMORANDUM AND ORDER

BESOSA, District Judge.

Before the Court is defendant's motion to compel production of discovery and impose sanctions pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), *Giglio v. United States*, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972), and *Kyles v. Whitley*, 514 U.S. 419, 115 S.Ct. 1555, 131 L.Ed.2d 490 (1995), (Docket No. 159), and defendant's motion to impose sanctions for failure to provide material covered by the Jencks Act, (Docket No. 182). For the reasons described below, the Court **GRANTS IN PART AND DENIES IN PART** defendant's motion to compel, (Docket No. 159), and **DENIES** the motion to impose sanctions, (Docket No. 182).

## BACKGROUND

On May 24, 2010, defendant filed a motion to compel production of discovery and impose sanctions pursuant to *Brady*, 373 U.S. at 83, 83 S.Ct. 1194, *Giglio*, 405 U.S. at 150, 92 S.Ct. 763, and *Kyles*, 514 U.S. at 419, 115 S.Ct. 1555. (Docket No. 159.) Defendant's motion includes a list of material to which he claims he is entitled pursuant to the above mentioned case law, without any specific explanation as to why that material falls within the purview of *Brady*, *Giglio*, or *Kyles*. *See id.* On May 26, 2010, the government filed an opposition to defendant's motion arguing that the information requested by defendant is irrelevant, available from other sources, already in the defendant's possession, does not exist, or is not in the government's possession or control. (Docket No. 172.) On May 27, 2010, defendant filed a reply to the government's opposition, providing more detailed explanation as to his entitlement to some, but not all of the requested information. (Docket No. 180.)

On May 27, 2010, the Court ordered the government to provide Jencks Act material to defendant no later than May 27, 2010, at 3:00 p.m. (Docket No. 174.) The government voluntarily complied and prepared an additional discovery package on that same date. (*See* Docket No. 185.) On May 28, 2010, however, defendant filed a motion arguing that the government failed to comply fully with the Court's order by providing a discovery package that did not include any additional statements made by Dr. Vazquez–Senti. (Docket No. 182.) Also on May 28, 2010, the government filed an opposition to defendant's motion for sanctions arguing that there are no additional materials related to Vazquez–Senti that qualify as statements for the purposes of the Jencks Act. (Docket No. 185.)

## DISCUSSION

### I. Legal Standard

██ *Brady* requires the government to produce to a defendant, in advance of

trial, material exculpatory evidence that is within its possession. *See* 373 U.S. at 87, 83 S.Ct. 1194; *United States v. Agurs*, 427 U.S. 97, 107, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976); *United States v. Huddleston*, 194 F.3d 214, 222 (1st Cir.1999). Evidence that is "within its possession" includes exculpatory material in the possession of any agency that participated in investigations related to the crimes charged. *See Kyles*, 514 U.S. at 438, 115 S.Ct. 1555 (*Brady* requires production of evidence "known only to the police investigators and not to the prosecutors"). "Evidence is material under *Brady* only when 'there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Dumas*, 207 F.3d 11, 15 (1st Cir.2000). The duty to produce material exculpatory information encompasses the duty to investigate "any favorable evidence known to others acting on the government's behalf in the case, including the police." *Kyles*, 514 U.S. at 437, 115 S.Ct. 1555. *See also Ruiz v. United States*, 221 F.Supp.2d 66, 74 (D.Mass.2002). "*Brady* does not, however, establish any 'general constitutional right to discovery in a criminal case....'" *United States v. Rodriguez–Rivera*, 473 F.3d 21, 25–26 (1st Cir.2007) (quoting *United States v. Caro–Muñiz*, 406 F.3d 22, 29 (1st Cir.2005)).

 The evidence requested by defendant is primarily targeted for the purposes of impeachment. (*See* Docket No. 159.) "As a preliminary matter, it is clear that impeachment evidence falls within the *Brady* rule." *Dumas*, 207 F.3d at 16 (citing *Giglio*, 405 U.S. at 154, 92 S.Ct. 763). "The simple fact that evidence could be used to impeach a government witness, however, does not end the materiality in-

quiry." *Id.* " 'Impeachment evidence, even that which tends to further undermine the credibility of the key Government witness whose credibility has already been shaken due to extensive cross-examination, does not create a reasonable doubt that did not otherwise exist where that evidence is cumulative or collateral.'" *Id.* (quoting *United States v. Sanchez*, 917 F.2d 607, 618–19 (1st Cir.1990)).

## II. Analysis

### A. Defendant's Requests to Compel the Production of Discovery

Defendant requests the production of several categories of evidence, which the Court will consider in turn.

### 1. Reports of Investigation regarding Prior Misconduct of the Government's Cooperating Witness

 Defendant requests all reports of investigation that contain prior acts of misconduct of Dr. Vazquez–Senti[1], a witness cooperating with the government, disclosed during debriefings with the government or provided to the government by other sources. (Docket No. 159 at 1.) Defendant also requests a "list of all additional persons and total number of years where Vazquez–Senti engaged in the illegal provision of medically unnecessary prescriptions that have not been the object of the indictment." *Id.* at 2.

After considering both defendant's and the government's arguments regarding production of reports of investigation, the Court finds that those reports would not be sufficiently material to constitute a *Brady* violation. The First Circuit Court of Appeals has held that "impeachment evidence is immaterial under *Brady* ... if the evidence is cumulative or impeaches on a

---

1. Dr. Vazquez–Senti entered a plea agreement with the government in a separate, but related conspiracy indictment, *Vazquez–Senti, et al.*, 07–358 (FAB).

collateral issue." *Conley v. United States,* 415 F.3d 183, 189 (1st Cir.2005). Defendant's only motivation for requesting the disclosure of the reports appears to be the possibility of impeaching Vazquez–Senti through the use of prior bad acts or criminal activity in the form of involvement in a drug conspiracy. (*See* Docket No. 180 at 3–6.) Defendant has already been provided with Vazquez–Senti's plea agreement, which includes a stipulation of facts relating to the criminal activity underlying the indictment in *U.S. v. Vazquez–Senti, et al.,* Crim. No. 07–358 (FAB). (*See* Docket No. 175–2 at 25.) In this stipulation, Vazquez–Senti admits culpability and describes the circumstances of the drug conspiracy he was charged with, and pled guilty to, under that indictment. *Id.*

■ The government states in its opposition to defendant's motion to compel that Vazquez–Senti's "[p]rior acts of misconduct ... as revealed during the course of the investigation of this case are limited to the conduct underlying the indictment." (Docket No. 172 at 3.) Defendant does not request any material that appears calculated to impeach Vazquez–Senti's credibility in a manner other than highlighting his past involvement in a drug conspiracy. (*See* Docket No. 180.) Considering that defendant has already been provided with a detailed stipulation of facts signed by Vazquez–Senti regarding that drug conspiracy, the Court finds any additional reports on the same subject to be cumulative and immaterial for the purposes of *Brady.* See *Conley,* 415 F.3d at 189. Accordingly, defendant's request for production of further reports of investigation is **DENIED.**

With regard to additional information regarding other persons related to Vazquez–Senti's criminal activity and the length of his participation in that criminal activity, the government has indicated that it does not possess material beyond the scope of the indictment in this case and in *Vazquez–Senti,* Crim. No. 07–358, and that any information within that scope has already been provided. (Docket No. 172 at 5–6.) Defendant provides no convincing reason to disbelieve that the government's representation regarding this matter. (Docket No. 180.) Therefore, defendant's request regarding any additional information is also **DENIED.**

## 2. Information regarding Use of Narcotics or Prescription Drugs

■ Defendant requests Vazquez–Senti's history of consumption of illegal narcotics or abuse of prescription drugs. (Docket No. 159 at 2.) The government states that it "is not in possession of any documents or information that substantiates any history of consumption of illegal drugs, and therefore is unable to provide the requested information." (Docket No. 172 at 6.) The Court has no reason to doubt the government's representation regarding the requested material. Accordingly, defendant's request to compel production of that material is also **DENIED.**

## 3. Financial and Tax Information for Vazquez–Senti

■ Defendant requests Vazquez–Senti's tax returns for the years 2000–2007 and "an unredacted affidavit in support of wiretap ... concerning all allegations made against Vazquez–Senti related to his financial analysis/money laundering crimes." (Docket No. 159 at 2.) Defendant's motion to compel and reply in opposition indicate that he requests this information for the purpose of impeaching Vazquez–Senti's credibility by demonstrating false statements to the government, tax evasion, or other related bad acts. (*See* Docket Nos. 159 & 180.)

The Court first notes that the government has indicated that it only has in its

possession Vazquez–Senti's tax returns for the years 2004–2005. Thus, much of what the defendant requests would not fall under the government's duty to produce. *See United States v. Sepulveda,* 15 F.3d 1161, 1179 (1st Cir.1993). Furthermore, the government concedes that Vazquez–Senti "did not declare as income the ill-gotten gains derived from the prescription scheme outlined in the indictment" and proffers that Vazquez–Senti has admitted this failure to declare income and will admit the failure during his testimony at trial. (Docket No. 172 at 7.) The government's concession and proffer regarding Vazquez–Senti's testimony appears to cover any information defendant seeks to introduce through impeachment with Vazquez–Senti's tax returns, thus undermining defendant's need for production of any of those documents. Given the government's representation that the requested information will be introduced during the cooperating witness's testimony, the Court finds that introduction of the requested tax returns at trial would be cumulative, thus making their production unnecessary. *See Conley,* 415 F.3d at 189. Accordingly, defendant's request for the production of Vazquez–Senti's tax returns is also **DENIED.**

 Regarding the unredacted affidavit requested by defendant, the government states that "[t]he only information which remains redacted is the actual dollar amounts which Vazquez–Senti declared on his tax returns for the years in question, his credit report, mortgage information, and credit card balance." (Docket No. 172 at 8.) Defendant is already in possession of the redacted version of the affidavit described by the government. *See id.* Neither defendant's original motion nor his reply to the government's opposition indicates that any other portions of the affidavit are redacted or provides any explana-

tion as to why the unredacted dollar amounts are necessary for impeachment of Vazquez–Senti. (*See* Docket Nos. 159 & 180.) Therefore, defendant's request for an unredacted copy of the wiretap affidavit is also **DENIED.**

### 4. Photographs Taken during Search and Seizure of Illegal Prescriptions

 Defendant requests the production of photographs taken of the search where the prescriptions were found. (Docket No. 159 at 3.) Defendant states that the government has already provided some photographs taken at the time of the search, but requests any remaining photographs in the government's possession. *Id.* If those photographs exist, they fall within the ambit of Federal Rule of Civil Procedure 16 and should be produced to defendant. *See United States v. Castro,* 502 F.Supp.2d 218, 225 (D.P.R.2007). The government does not address the existence or alleged non-production in its opposition to defendant's motion to compel. (*See* Docket No. 172.) Accordingly, to the extent that the government has in its possession or control any such photographs, defendant's request for their production is **GRANTED.**

### B. Sanctions

 Defendant moves for sanctions to be imposed on the government as a result of the discovery violations alleged in his motion to compel. (Docket No. 159 at 3.) Out of all the allegations made by defendant, the Court has found, at most, the potential non-production of additional photographs taken during the search that turned up illegal prescriptions. The Court has already ordered the government to provide any additional photographs taken during that search and there is nothing in defendant's motion or the government's

opposition that, if those photographs exist at all, indicates any bad faith behind the alleged non-production. Accordingly, defendant's request to impose sanctions in his motion to compel, (Docket No. 159), is **DENIED.**

 Defendant also requests the imposition of sanctions for alleged non-production of Jencks Act Material, (Docket No. 182), which the Court ordered to be produced no later than May 27, 2010, at 3:00 p.m. (Docket No. 174.) Defendant argues that the government failed to comply with the Court's order by providing a discovery package that did not include any additional statements made by Vazquez–Senti. (Docket No. 182.) As the government notes in its opposition to defendant's motion to impose sanctions, (Docket No. 185), however, defendant's motion to compel and subsequent motion for sanctions, however, seem only to assume the existence of such statements. (*See* Docket Nos. 159, 180, & 182.) Defendant does not identify any specific Jencks Act material allegedly withheld by the government, nor does he articulate a basis for supposing the existence of any undisclosed Jencks Act material. (*See* Docket No. 182.) The defendant's reasoning is limited to the statement, "[i]t is obvious that the government has withheld Jenks, Giglio/Brady/Kyles material concerning the witness whose testimony is essential to convict defendant." (Docket No. 182.) Without any other argument to bolster defendant's allegations of nondisclosure of Jencks Act material, the Court finds no basis to impose sanctions at this time.

## CONCLUSION

For the reasons expressed above, the Court **GRANTS IN PART AND DENIES IN PART** defendant's motion to compel, (Docket No. 159). The motion to compel is **GRANTED** only to the extent that there may exist any other photographs taken during the search resulting in the seizure of illegal prescriptions. The motion to compel is **DENIED** in all other respects. The Court **DENIES** defendant's motion to impose sanctions for alleged failure to produce Jencks Act material, (Docket No. 182).

**IT IS SO ORDERED.**