**Reynaldo LANDRÓN–CLASS,**
**Petitioner,**

**v.**

**UNITED STATES of America,**
**Respondent.**

Civil No. 14–1289 (FAB).
Criminal No. 09–329 (FAB).

United States District Court,
D. Puerto Rico.

Signed Feb. 11, 2015.

Reynaldo Landron–Class, Coleman, FL, pro se.

Nelson J. Perez–Sosa, U.S. Attorney's Office, San Juan, PR, for Respondent.

### MEMORANDUM AND ORDER

BESOSA, District Judge.

A district court may refer a pending motion to a magistrate judge for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B); Fed.R.Civ.P. 72(a); Loc. Rule 72(b). Any party adversely affected by the report and recommendation may file written objections within fourteen days of being served with the magistrate judge's report. Loc. Rule 72(d). *See* 28 U.S.C. § 636(b)(1). A party that files a timely objection is entitled to a *de novo* determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Ramos–Echevarria v. Pichis, Inc.*, 698 F.Supp.2d 262, 264 (D.P.R. 2010); *Sylva v. Culebra Dive Shop*, 389 F.Supp.2d 189, 191–92 (D.P.R.2005) (citing *United States v. Raddatz*, 447 U.S. 667, 673, 100 S.Ct. 2406, 65 L.Ed.2d 424 (1980)). Failure to comply with this rule precludes further review. *See Davet v. Maccarone*, 973 F.2d 22, 30–31 (1st Cir.1992). *Borden v. Secretary of H.H.S.*, 836 F.2d 4, 6 (1st Cir.1987). In conducting its review, the court is free to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(a), (b)(1); *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 247 (1st Cir.1985); *Alamo Rodriguez v. Pfizer Pharmaceuticals, Inc.*, 286 F.Supp.2d 144, 146 (D.P.R.2003). Furthermore, the Court may accept those parts of the report and recommendation to which the parties do not object. *See Hernandez–Mejias v. General Elec.*, 428 F.Supp.2d 4, 6 (D.P.R.2005) (citing *LaCedra v. Donald W. Wyatt Detention Facility*, 334 F.Supp.2d 114, 125–126 (D.R.I. 2004)).

On January 22, 2015, the United States magistrate judge issued a Report and Recommendation ("R & R") (Docket No. 13), recommending that petitioner Landron–Class' motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 (Docket No. 1) be denied

without an evidentiary hearing. The magistrate judge also recommended that no certificate of appealability be issued because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2252(c)(2). The parties had until February 10, 2015 to object to the R & R. Neither party did. Therefore, the petitioner and the United States have waived the right to further review in the district court. *Davet,* 973 F.2d at 30–31.

The Court has made an independent examination of the entire record in this case and **ADOPTS** the magistrate judge's findings and recommendations.

Accordingly, petitioner Landron–Class' section 2255 motion is **DENIED.**

This case is **DISMISSED with prejudice.**

Judgment shall be entered accordingly.

If petitioner files a notice of appeal, no certificate of appealability shall issue because petitioner has not made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

### *MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION*

JUSTO ARENAS, United States Magistrate Judge.

### I. INTRODUCTION

Petitioner was indicted on September 30, 2009 along with Myriam Daisy Perez–Perez in a five-count superceding indictment, the last two counts of which were forfeiture allegations as to each defendant. Petitioner was charged in the first count in that beginning on or about January, 2005 and continuing to on or about September 4, 2007, in the District of Puerto Rico and within the jurisdiction of this court, he did knowingly and intentionally combine, conspire, confederate and agree with other persons known and unknown to the Grand Jury, to possess with the intent to distribute and dispense forty-four point forty-six (44.46) kilograms (gross weight) or more of a mixture or substance containing a detectable amount of Oxycodone, a Schedule II Controlled Substance, outside the scope of professional practice and not for a legitimate medical purpose, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(C), and 846. All in violation of 21 U.S.C. § 846. (Criminal 09–329(FAB), Docket No. 1). Count Two is dedicated to the co-defendant. Count Three is similar to Count One except for the amount of Oxycodone and the addition of the co-defendant. In any event, Count Three was later voluntarily dismissed by the United States.

Trial began as scheduled on June 1, 2010. (Criminal 09–0329, Docket No. 193). Petitioner was found guilty by a jury on June 7, 2010, and was sentenced on November 9, 2010 to 240 months imprisonment. (Criminal 09–0329, Docket Nos. 203, 237). Petitioner appealed his conviction and sentence. (Criminal 09–0329, Docket No. 240). On August 29, 2012, the judgment of conviction was affirmed in a lengthy opinion. *United States v. Landron–Class,* 696 F.3d 62 (1st Cir.2012). Petitioner employed a battery of arguments against his conviction and sentence, from error in conducting the voir dire to the details of his sentence. Petitioner complained of evidentiary rulings made during trial, the court's failure to order the production of certain documents as Jencks Act material[1], and the denial of a Rule 29, Federal Rules of Criminal Procedure motion for judgment of acquittal. Aside from

---

1. *See United States v. Landron–Class,* 714 F.Supp.2d 278 (D.P.R.2010).

agreeing with petitioner as to one argument related to evidence of guilty pleas by former co-defendants, the judgment remained intact because the error committed was harmless. *Id.* at 70–71. A petition for a writ of certiorari was denied on March 18, 2013. *Landron–Class v. United States,* —— U.S. ——, 133 S.Ct. 1621, 185 L.Ed.2d 605 (2013).

## II. MOTION UNDER 28 U.S.C. § 2255

This matter is before the court on petitioner Reynaldo Landron–Class's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255, filed on April 4, 2014. (Docket No. 1.) Petitioner argues that he received ineffective assistance of counsel because of counsel's failure to adequately explain to petitioner the benefits of accepting the government's plea offer before the offer expired. He claims globally that he received ineffective assistance of counsel at pretrial, trial, and appeal stages of his case by Assistant Federal Public Defender Hector Ramos [2] and counsel Rafael Castro Lang.[3] He continues his argument by stressing that the cumulative effect of the errors committed rendered the process unfair. (Docket No. 1 at 4).

■ Petitioner argues that his attorneys violated the "retroactively Applicable Ruling" in *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012), since Assistant United States Attorney Scott H. Anderson had offered a favorable guilty plea of 70 or 80 months imprisonment, the cutoff date for acceptance was September 16, 2009, and petitioner rejected both offers after communicating with counsel Castro–Lang, accepting his advice[4]. (Docket No. 1 at 10).

2. Assistant Federal Public Defender Hector Ramos was appointed to represent the petitioner regarding his motion for reduction of sentence under U.S.S.G. Amendment 782 on November 22, 2014. Petitioner objected to his legal representation and counsel withdrew representation on December 17, 2014. (Criminal No. 09–329(FAB), Docket Nos. 293, 294, 296, 297). The Assistant Federal Public Defender never previously represented the petitioner in this specific case. He did represent petitioner in Criminal No. 07–0358(FAB) from September 7, 2007 until April 2, 2008, when attorney Rafael Castro–Lang was appointed to represent him.

3. Attorney Castro Lang was also the petitioner's attorney in another related serious federal drug case, where petitioner was one of 22 defendants, Criminal No. 07–0358(FAB), which case was dismissed as to him on October 20, 2009 based upon motion of the United States under Fed.R.Crim.P. 48(a). (Criminal No. 07–0358, Docket No. 1012). By then, petitioner had rejected the last plea offer. (Criminal No. 07–0358, Docket No. 791). Petitioner had filed a well-documented motion to dismiss on July 22, 2009. (Criminal No. 07–0358, Docket Nos. 898–901).

4. In *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. 1399, 1408, 182 L.Ed.2d 379 (2012), announced on the same day as *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, the Supreme Court held that, as a general rule, defense counsel has the duty to communicate formal offers from the prosecution to accept a plea on terms and conditions that may be favorable to the accused. If such a formal offer was not communicated to a defendant, and the offer thus lapsed, then "... defense counsel did not rendered the effective assistance that the Constitution requires." *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. at 1408; *see Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. at 1390–91. The inquiry does not rest here however. "To show prejudice from ineffective assistance of counsel where a plea offer has lapsed or been rejected because of counsel's deficient performance, defendants must demonstrate a reasonable probability they would have accepted the earlier plea offer had they been afforded effective assistance of counsel, and that the trial court would have accepted the guilty plea." *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. at 1391; *Missouri v. Frye,* 132 S.Ct. at 1409. (In the case relied upon by petitioner, both parties conceded the Sixth Amendment violation of ineffective assistance of counsel. The issue focused on prejudice.) The defendants must also demonstrate ".. a reasonable probability that the plea would have been entered without the

Petitioner lists a series of instances which arguably reflect his being denied effective assistance of counsel. One such instance was the stop and search of his vehicle without a warrant, which search included his wife's purse. (Docket No. 1 at 11). Another instance of ineffective assistance of counsel is the failure to move to dismiss the indictment based upon a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161–74. (Docket No. 1 at 12). Yet another instance is trial counsel's failure to object to lay opinion testimony of two witnesses. Petitioner also complains of defense counsel's failing to advise him of the right to testify and offer his version of the story, and he also complains of the trial court's failure to inquire into his knowledge of the right to testify on his own behalf.[5] (Docket No. 1 at 17). Petitioner stresses his ignorance of being informed by counsel of the maximum penalty he faced by going to trial, and that had he known that he could be sentenced for drugs he did not possess or distribute, he would have accepted a plea offer of 70 or 78 months. (Docket No. 1 at 14).[6]

Petitioner argues that at sentencing, counsel failed to object to the guideline calculations attributing a leadership role to him. (Docket No. 1 at 14–15). Petitioner notes that when he was taken out of the courtroom in shackles by U.S. Marshals, the jury viewed him and counsel failed to object. Petitioner argues that the cumulative effect of these errors provided him ineffective assistance of counsel and an unfair trial. Petitioner concludes that he is entitled to relief or an evidentiary hearing where he can show he is entitled to relief.

In response to the section 2255 motion filed on July 22, 2014 (Docket No. 7), the government notes that petitioner's initial swipe at defense counsel's performance is conclusory and fails to show how counsel was deficient to the point where petitioner suffered prejudice as a consequence. *See Peralta v. United States,* 597 F.3d 74 (1st Cir.2010). It also points to a number of alleged errors which are deemed defaulted since they are brought for the first time on collateral review. (Docket No. 7). Those errors are the suppression issue, the Speed Trial violation, improper testimony, explaining to defendant the right that he had to testify, the plea offer, and being seen by jurors in handcuffs and shackles.

In his October 23, 2014 reply to the government's response, petitioner stresses reliance on key Supreme Court and First Circuit case law, law mentioned below in part, emphasizes reliance on *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, and cites seminal case law regarding search and seizure. While he again mentions the violation of Speedy Trial, the argument remains undeveloped even when couched in Sixth Amendment terms of ineffective assistance of counsel. Again he emphasizes that he was not told by his attorney of the right to testify, and raises an issue of misapplication of U.S.S.G. § 3B1.1. (Docket No. 12). Cumulative effect of error and handcuffs before the jury are also

---

prosecution canceling it or the trial court refusing to accept it ..." *Id. See Campuzano v. United States,* 976 F.Supp.2d 89, 115 n. 16. (D.P.R.2013).

**5.** See footnote 13.

**6.** As an aside, I note the quality of petitioner's hand-written pro-se motions in the companion case, motions which reflect careful studying of the law, including correct citations. As to exposure to penalties, along with rights, these are always explained by the United States Magistrate Judge at the initial appearance. Petitioner had the advantage of an initial appearance in each case.

raised again. The request for an evidentiary hearing is repeated.

■ While petitioner has not reminded the court that it should review his pleading under a lesser standard, *see Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), because petitioner appears pro se, his pleadings are considered more liberally, however inartfully pleaded, than those penned and filed by an attorney. *See Erickson v. Pardus*, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007); *Campuzano v. United States*, 976 F.Supp.2d at 97; *Proverb v. O'Mara*, 2009 WL 368617 at *1 (D.N.H.2009). Notwithstanding such license, petitioner's pro se status does not excuse him from complying with both procedural and substantive law. *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir.1997); *Boudreau v. Englander*, 2009 WL 2602361 at *1 (D.N.H.2009).

Having considered the arguments of the parties and for the reasons set forth below, I reject petitioner's argument and recommend that petitioner Landron–Class's motion to vacate, set aside, or correct sentence be DENIED.

### III. DISCUSSION

Under section 28 U.S.C. § 2255, a federal prisoner may move for post conviction relief if:

the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . .

28 U.S.C. § 2255(a); *Hill v. United States*, 368 U.S. 424, 426–27, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962); *David v. United States*, 134 F.3d 470, 474 (1st Cir.1998).

■ It is well settled that the Sixth Amendment right to counsel guarantees effective counsel. *See Strickland v. Washington*, 466 U.S. 668, 686–87, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *United States v. Ortiz*, 146 F.3d 25, 27 (1st Cir.1998). Nevertheless, petitioner bears a "very heavy burden" in his attempt to have his sentence vacated premised on an ineffective assistance of counsel claim. *See Argencourt v. United States*, 78 F.3d 14, 16 (1st Cir.1996); *Lema v. United States*, 987 F.2d 48, 51 (1st Cir.1993). This is particularly true in this circuit where a lawyer's performance is deficient under *Strickland v. Washington*, 466 U.S. at 687, 104 S.Ct. 2052 " . . . only where, given the facts known at the time, counsel's choice was so patently unreasonable that no competent attorney would have made it." *United States v. Rodriguez*, 675 F.3d 48, 56 (1st Cir.2012), quoting *Tevlin v. Spencer*, 621 F.3d 59, 66 (1st Cir.2010), which in turn quotes *Knight v. Spencer*, 447 F.3d 6, 15 (1st Cir.2006). This presents a formidable redoubt extremely difficult to breach.[7]

■ The United States Supreme Court has developed a two-pronged test to determine whether a criminal defendant was denied his constitutionally guaranteed effective assistance of counsel. *See Strickland v. Washington*, 466 U.S. at 687, 104

---

7. The universality of the extraordinary nature of the writ is beyond question. *See* Antonio R. Bautista, *Habeas Corpus as a Post–Conviction Remedy*, Vol. 75 *Philippine L.J.* 553, 564–55 (2001); Cristina Fuertes–Planas Aleix, *Habeas Corpus*, No. 4 *Rev. Elec. de Metodología e Historia del Derecho* (www.ucm.es/info/kinesis/habeas20%Corpus.htm) (Universidad Complutense de Madrid,2007); Humberto Nogueira Alcala, *El Habeas Corpus o Recurso de Amparo en Chile*, No. 102 *Rev. De Estudios Políticos (Nueva Epoca)* 193, 203 (Oct.-Dec. 1998); H.F. Rawlings, *Habeas Corpus and Preventive Detention in Singapore and Malaysia*, Vol. 25 *Malaya L.Rev.* 324–350 (1983).

S.Ct. 2052. Pursuant to the two-pronged test, petitioner Landron–Class must first establish that his counsel in the criminal proceedings was deficient in that the quality of legal representation fell below an objective standard of reasonableness. *See id.* at 688, 104 S.Ct. 2052; *Rosenthal v. O'Brien,* 713 F.3d 676, 685 (1st Cir.2013). In order to satisfy the first-prong of the aforementioned test, petitioner "must show that 'in light of all the circumstances, the identified acts or omissions [allegedly made by his trial attorney] were outside the wide range of professionally competent assistance.' " *Tejeda v. Dubois,* 142 F.3d 18, 22 (1st Cir.1998) (citing *Strickland v. Washington,* 466 U.S. at 690, 104 S.Ct. 2052). Petitioner must overcome the "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Smullen v. United States,* 94 F.3d 20, 23 (1st Cir.1996) (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052). Finally, a court must review counsel's actions deferentially, and should make every effort "to eliminate the distorting effects of hindsight." *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 689, 104 S.Ct. 2052); *see also Burger v. Kemp,* 483 U.S. 776, 789, 107 S.Ct. 3114, 97 L.Ed.2d 638 (1987).

 The second prong of the test, "[t]he 'prejudice' element of an ineffective assistance [of counsel] claim[,] also presents a high hurdle. 'An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.' " *Argencourt v. United States,* 78 F.3d at 16 (citing *Strickland v. Washington,* 466 U.S. at 691, 104 S.Ct. 2052). Thus, petitioner must affirmatively "prove that there is a reasonable probability that, but for [his] counsel's errors, the result of the proceeding would

have been different." *Knight v. United States,* 37 F.3d 769, 774 (1st Cir.1994) (citing *Strickland v. Washington,* 466 U.S. at 687, 104 S.Ct. 2052). That is, if petitioner succeeds in showing deficiencies in his legal representation, then he must conclusively establish that said deficiencies operated a real prejudice against him in the criminal proceedings. *See id.* at 694, 104 S.Ct. 2052.

 "In all criminal prosecutions, the accused shall enjoy the right to . . . the Assistance of Counsel for his defence." U.S. Const. amend. 6. "[T]he 'Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight.' " *Sleeper v. Spencer,* 510 F.3d 32, 38 (1st Cir.2007) (quoting *Yarborough v. Gentry,* 540 U.S. 1, 8, 124 S.Ct. 1, 157 L.Ed.2d 1 (2003)). *See Barrow v, United States,* 990 F.Supp.2d 76, 79 (D.P.R.2013). As to the two part test for constitutionally ineffective assistance of counsel set forth in the *Strickland* supra, petitioner bears the burden of proof for both elements of the test. *See Cirilo–Muñoz v. United States,* 404 F.3d 527, 530 (1st Cir.2005) (citing *Scarpa v. Dubois,* 38 F.3d 1, 8–9 (1st Cir.1994)); *De Jesus v. United States,* 990 F.Supp.2d 69, 74 (D.P.R.2013). There is no doubt that the two-pronged test also applies to representation outside of the trial setting, which would also include sentence and appeal. *See Hill v. Lockhart,* 474 U.S. 52, 57, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985); *Bonneau v. United States,* 961 F.2d 17, 20–22 (1st Cir.1992); *United States v. Tajeddini,* 945 F.2d 458, 468–69 (1st Cir.1991), *abrogated on other grounds by Roe v. Flores–Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). *See Campuzano v. United States,* 976 F.Supp.2d at 99. *A fortiori,* the right to effective assistance of counsel applies to the plea bargaining process.

*See Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. at 1405.

Assuming that counsel's representation fell below an objective standard of reasonableness, petitioner would still have to prove that it resulted in prejudice to his case. *See Owens v. United States,* 483 F.3d 48, 63 (1st Cir.2007) (quoting *Strickland v. Washington,* 466 U.S. at 687–88, 104 S.Ct. 2052). For our purposes, it makes no difference in which order the *Strickland* test is applied. *See Turner v. United States,* 699 F.3d 578, 584 (1st Cir. 2012).

 Within a habeas corpus case the decision to order an evidentiary hearing is left up to the discretion of the court. A court may deny an evidentiary hearing when "(1) the motion is inadequate on its face, or (2) the movant's allegations, even if true, do not entitle him to relief, or (3) the movant's allegations 'need not be accepted as true because they state conclusions instead of facts, contradict the record, or are . 'inherently incredible.' ' " *David v. United States,* 134 F.3d at 477 (quoting *United States v. McGill,* 11 F.3d 223, 225–26 (1st Cir.1993)); *Shraiar v. United States,* 736 F.2d 817, 818 (1st Cir. 1984). In this case, petitioner has requested an unspecified relief or in the alternative an evidentiary hearing where he can show his entitlement to relief.

 Finally, collateral attack on non-constitutional and nonjurisdictional "claims (such as the application of a particular sentencing guideline) are properly brought under section 2255 only if the claimed error is 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772, quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468.

## IV. ANALYSIS

Petitioner's allegation that he was not made aware of the consequences of rejecting the plea offer gives cause to pause but taxes credulity. He clearly rejected the last plea offer from the government of 70 months because of the disparity between the offer made to him and that made to co-defendants in the companion case, co-defendants which he felt were equally or more culpable than he. *See United States v. Landron–Class,* 696 F.3d at 62. In fact, in a pro-se motion in the companion case, he refers to a defendant represented by attorney Ramon Garay, and what a favorable plea agreement was reached in that case. In an earlier offer, while represented by Assistant Federal Public Defender Hector Ramos, the court was informed at a status conference on March 25, 2008 that he had received an offer from the government, but that the same was not acceptable. The government did not accept the counteroffer. Attorney Ramos then stated at that time that the only routes for his client were a straight plea or to go to trial. (Criminal No. 07–358(FAB), Docket No. 386 at 2). The government confirmed this three days later. (Criminal No. 07–358(FAB), Docket No. 401 at 2). On August 25, 2008, five months later, counsel Castro–Lang informed the court that the parties were unable to reach agreement and that petitioner would proceed to trial. (Criminal No. 07–358(FAB), Docket No. 650).

 Upon attorney Castro–Lang's advice, petitioner arguably rejected the last plea offer. "[T]he decision whether to plead guilty or contest a criminal charge is ordinarily the most important single decision in a criminal case. . . ." *United States v. Gordon,* 156 F.3d 376, 380 (2d Cir.1998) (quoting *Boria v. Keane,* 99 F.3d 492, 496–97 (2d Cir.1996), cited in *Malpica–Garcia*

*v. United States,* 2009 WL 2512425 at *3 (D.P.R.2009).) Knowledge of sentencing exposures is crucial to the decision of whether to plead guilty. *See United States v. Day,* 969 F.2d 39, 43 (3rd Cir. 1992), cited in *Malpica–Garcia v. United States, supra; Malpica–Garcia v. United States,* 2009 WL 1473906 at *3 (D.P.R. 2009). Clearly petitioner was aware of his exposure as early as his initial appearance in the companion case. And in one of his letters/motions to the court, he refers to a previous co-defendant's offer made by AUSA Anderson, also makes reference to U.S.S.G. Amendment 657, November 1, 2007, and also makes guideline calculations. (Criminal No. 07–0368(FAB), Docket No. 803 at 1).

In relation to *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376, and the companion case of *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct. 1399, a review of recent circuit case law reveals that the majority of the circuit courts, all that have considered the matter, have found that neither Supreme Court decision announced a "newly recognized right". *Gallagher v. United States,* 711 F.3d 315, 316 (2d Cir.2013); *Williams v. United States,* 705 F.3d 293, 294 (8th Cir.2013); *In re King,* 697 F.3d 1189 (5th Cir.2012); *Hare v. United States,* 688 F.3d 878–80 (7th Cir.2012); *Buenrostro v. United States,* 697 F.3d 1137–40 (9th Cir.2012); *In re Graham,* 714 F.3d 1181, 1182–83 (10th Cir.2013); *In re Perez,* 682 F.3d 930, 932–34 (11th Cir.2012).[8] Our circuit court of appeals has followed suit. *Pagan–San Miguel v. United States,* 736 F.3d 44, 45 (1st Cir.2013). Petitioner relies generally on the principles of *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052. (Docket No. 12 at 4). Clearly, *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376 and *Missouri v. Frye,* 566 U.S. ——, 132 S.Ct.

1399 are refinements of *Strickland v. Washington,* 466 U.S. at 688, 104 S.Ct. 2052 and *Hill v. Lockhart,* 474 U.S. 52, 106 S.Ct. 366. *See Rodriguez–Rodriguez v. United States,* 2013 WL 3381259 at *6 (D.P.R.2013). And even assuming *Lafler v. Cooper,* 566 U.S. ——, 132 S.Ct. 1376 announced "a new rule of constitutional law", neither that case or its companion contains any express language as to retroactivity. *See Tyler v. Cain,* 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *Gallagher v. United States,* 711 F.3d at 316; *Perez–Mejias v. United States,* 2013 WL 5882281 at *3 (D.P.R. 2013).

 Petitioner argues that counsel failed to inform him of the consequences of proceeding to trial and that if he knew the consequences, he would have accepted the plea offer. This argument is contradicted by petitioner in his motion as well as the language in the opinion of the court of appeals where the court relates that the reason the offer was rejected was the disparity of the sentence offered to him and to other defendants involved in the same scheme. *United States v. Landron–Class,* 696 F.3d at 62. Petitioner was well informed of the progress of his previous codefendants in the companion case. All received sentences much less than that of petitioner. And aside from petitioner's focus as to involvement and guilt, none had the quality of leadership in the enterprise that petitioner had, except in his own eyes. Thus, even assuming an inaccurate prediction, and we have no information of such a prediction, this does not satisfy the prejudice prong of the ineffective assistance test. *See United States v. LaBonte,* 70 F.3d 1396, 1413 (1st Cir.1995), rev. on other grounds, 520 U.S. 751, 117 S.Ct. 1673, 137 L.Ed.2d 1001 (1997), citing *Knight v.*

---

**8.** Most of these cases are compiled in *Lebron–Cepeda v. United States,* 2013 WL 2252952 at *2 (D.P.R.2013); *Hestle v. United States,* 2013 WL 1147712 (E.D.Mich.2013).

*United States,* 37 F.3d at 774. Furthermore, this matter was generally considered by the court of appeals and therefore cannot be revisited on collateral review. *See Conley v. United States,* 323 F.3d 7, 23 (1st Cir.2003); *United States v. Michaud,* 925 F.2d 37, 41 (1st Cir.1991).

■■■■ Petitioner also raises sentencing issues and issues related to the guidelines. The sentencing issues were considered in plenary fashion by the court of appeals and revisiting them would be error. Again, it is horn book law that a prisoner may not use a section 2255 petition to relitigate questions that were raised and considered on direct appeal. *Vega–Colon v. United States,* 463 F.Supp.2d 146, 156 (D.P.R.2006), citing *Singleton v. United States,* 26 F.3d 233, 240 (1st Cir.1994) (quoting *Dirring v. United States,* 370 F.2d 862, 864 (1st Cir. 1967)); *see Cirilo–Muñoz v. United States,* 404 F.3d at 533; *also see Withrow v. Williams,* 507 U.S. 680, 720–21, 113 S.Ct. 1745, 123 L.Ed.2d 407 (1993); *Berthoff v. United States,* 308 F.3d 124, 127–28 (1st Cir.2002); *Argencourt v. United States,* 78 F.3d at 16 n. 1.

For example, petitioner argued on appeal that the equivalency ratio provided for oxycodone is unfairly high and creates unwarranted disparities between defendants sentenced for offenses involving oxycodone and morphine. *See United States v. Landron–Class,* 696 F.3d at 75.[9] *See Kimbrough v. United States,* 552 U.S. 85, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007).

■■■■ As to sentencing matters that could have been raised on appeal but were not, such as arguably the misapplication of U.S.S.G. § 3B1.1, that issue is procedurally defaulted, as the government raises in its response in opposition to the motion.

A significant bar on habeas corpus relief is imposed when a prisoner did not raise claims at trial or on direct review. In such cases, a court may hear those claims for the first time on habeas corpus review only if the petitioner has "cause" for having procedurally defaulted his claims, and if the petitioner suffered "actual prejudice" from the error of which he complains.

■■■■ *United States v. Sampson,* 820 F.Supp.2d 202, 220 (D.Mass.2011), citing *Owens v. United States,* 483 F.3d at 56, also citing *Oakes v. United States,* 400 F.3d 92, 95 (1st Cir.2005) ("If a federal habeas petitioner challenges his conviction or sentence on a ground that he did not advance on direct appeal, his claim is deemed procedurally defaulted.") To obtain collateral relief in this case, petitioner must show cause excusing his double procedural default and actual prejudice resulting from the errors he is complaining about. *See United States v. Frady,* 456 U.S. 152, 167–68, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). Ineffective assistance of counsel can clearly supply the cause element of the cause and prejudice standard. *See Murray v. Carrier,* 477 U.S. 478, 488, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), cited in *Bucci v. United States,* 662 F.3d 18, 29 (1st Cir.2011). But in this case, petitioner has not shown cause excusing the procedural default. The prejudice prong is therefore not addressed.

## V. PERFUNCTORY ARGUMENT

■■■■ Petitioner raises several issues mentioned above with no attempt to develop the same, attacking the omissions of defense counsel under the focal lens of the Sixth Amendment. More than expanded allegations is required. It is a settled rule

---

**9.** One gram of oxycodone is equivalent to 6,700 grams of marijuana, and one gram of morphine is equivalent to 500 grams of marijuana. U.S.S.G. § 2D1.1 comment n. 10 (D).

that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." *Nikijuluw v. Gonzales*, 427 F.3d 115, 120 n. 3 (1st Cir.2005); *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir.1990), cited in *United States v. Diaz–Castro*, 752 F.3d 101, 114 n. 10 (1st Cir.2014). This lack of substantial argument applies to the issues of the search, the Speedy Trial Act violation[10], the handcuffs in front of the jury, and knowledge of his right to testify. It taxes credulity again that petitioner would not know of his right to testify, a right which is explained at initial appearance and which the citizenry in general is aware of. (Criminal No. 07–358(FAB), Docket No. 35) (initial appearance before U.S. Magistrate Judge Bruce J. McGiverin); (Criminal No. 09–329(FAB), Docket No. 7) (initial appearance before U.S. Magistrate Judge Marcos Lopez). Judges should not believe as judges what we would not believe as men.[11] Petitioner is an obviously intelligent and articulate individual and the court cannot attribute to him a naivete to which he is not entitled. This conclusion is supported by his numerous pro se filings even after being advised that he is represented by counsel. (Criminal No. 07–358(FAB), Docket Nos. 566 (Bill of Particulars), 600, 646 (requesting discovery), 693, 760, 761, 818, 834, 863, 870[12], 878, 948, 962, 994, 1030).

Finally, just as it is not the duty of the trial judge to inform a defendant of his right to testify[13], it is not the duty of the court to develop undeveloped argument which does not present some factual basis for the relief sought, even under a liberal standard. This is doubly apparent where one considers the ·high threshold petitioner must cross to identify a Sixth Amendment violation. With that said, this record does not support the conclusion that the cumulative effect of the errors committed rendered the process unfair. Indeed, the court of appeals found error sparingly and even then it was harmless, considering the strength of the government's case, a strength which cannot be attributed to the acts or omission of defense counsel.

## VI. CONCLUSION

In view of the above, I find that petitioner has failed to establish that his counsel's representation fell below an objective standard of reasonableness. *See Strickland v. Washington*, 466 U.S. at 686–87, 104 S.Ct. 2052; *United States v. Downs–Moses*, 329 F.3d 253, 265 (1st Cir. 2003). To the contrary, attorney Castro–Lang's representation reflects the type of action that does not make friends with the court or the prosecution but that upholds the highest standards of the legal profession. A perusal of the transcripts of the criminal case and the original criminal case

10. In numerous pro se motions in the companion case, petitioner would always remind the court of the number of months he had been detained pending trial and asked either for dismissal of the charges or a speedy trial to prove his innocence. See (Criminal No. 07–358(FAB), Docket No. 788 at 3).

11. "[T]his court should not be ignorant as judges of what we know as men." *Watts v. State of Ind.*, 338 U.S. 49, 52, 69 S.Ct. 1347, 93 L.Ed. 1801 (1949), citing *Child Labor Tax Case (Bailey v. Drexel Furniture Co.)*, 259 U.S.

20, 37, 42 S.Ct. 449, 66 L.Ed. 817 (1922). *See Parrils Sanes v. United States*, 2005 WL 1397431 at *6 (D.P.R. June 9, 2005).

12. In this motion to dismiss, petitioner discusses the law of conspiracy. He also complains of illegal wire (telephone) interceptions and "false" photographs.

13. *Owens v. United States*, 483 F.3d at 58, cited in *Hernández–De–La–Rosa v. United States*, 2014 WL 5311592 at *2 (D.P.R.2014).

does not reflect less. (Criminal No. 07–358(FAB), Docket Nos. 533, 585, 648 (deadline given to accept final plea offer), 712, 729, 1062, 1063). I have yet to identify any clear errors by counsel that can be called professionally unreasonable. This extremely experienced attorney chose among the many issues to present what he considered the most effective to the court. The wisdom of hindsight is a common denominator among the disillusioned. It is therefore impossible to find that any claimed and unsubstantiated error has produced " 'a fundamental defect which inherently results in a complete miscarriage of justice' or 'an omission inconsistent with the rudimentary demands of fair procedure.' " *Knight v. United States,* 37 F.3d at 772 (quoting *Hill v. United States,* 368 U.S. at 428, 82 S.Ct. 468). In relation to a motion to vacate sentence, ordinarily the court would have to "take petitioner's factual allegations 'as true,' " however it will not have to do so when like in this case " 'they are contradicted by the record … and to the extent that they are merely conclusions rather than statements of fact.' " *Otero–Rivera v. United States,* 494 F.2d 900, 902 (1st Cir.1974) (quoting *Domenica v. United States,* 292 F.2d 483, 484 (1st Cir.1961)); *Cintron–Boglio v. United States,* 943 F.Supp.2d 292, 299 (D.P.R. 2013). Such is the case here. The court of appeals had the extensive trial record before it in determining that the government presented overwhelming evidence of petitioner's guilt at trial, and that when compared to the evidence allowed through harmless error, the conclusion was that the jury's decision was not swayed by the improperly admitted testimony. *United States v. Landron–Class,* 696 F.3d at 71.

■■■ Defendants have a right to effective assistance of counsel on appeal. *Evitts v. Lucey,* 469 U.S. 387, 396–97, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985); *Brown v.*

*United States,* 42 F.Supp.2d 122, 127 (D.P.R.1998). Appellate counsel is not required to raise every non-frivolous claim, but rather select among them to maximize the likelihood of success on the merits. *Lattimore v. Dubois,* 311 F.3d 46, 57 (1st Cir.2002), citing *Smith v. Robbins,* 528 U.S. 259, 288, 120 S.Ct. 746, 145 L.Ed.2d 756 (2000), citing *Jones v. Barnes,* 463 U.S. 745, 103 S.Ct. 3308, 77 L.Ed.2d 987 (1983); *Pinillos v. United States,* 990 F.Supp.2d 83, 104 (D.P.R.2013). Ultimately, the present motion joins the ranks of the numerous motions brought under section 2255 in this court, the great majority of which ignore the fact that the remedy they seek is extraordinary. *See e.g. Lassalle–Velazquez v. United States,* 948 F.Supp.2d 188, 193 (D.P.R.2013). Petitioner's defaulted, undefaulted, waived and undeveloped arguments do not invite extraordinary remedy.

Accordingly, it is my recommendation that petitioner's motion to vacate, set aside or correct his sentence under 28 U.S.C. § 2255 be DENIED without evidentiary hearing.

■■■ Based upon the above, I also recommend that no certificate of appealability be issued, because there is no substantial showing of the denial of a constitutional right within the meaning of Title 28 U.S.C. § 2253(c)(2). *Miller–El v. Cockrell,* 537 U.S. 322, 336–38, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000); *Lassalle–Velazquez v. United States,* 948 F.Supp.2d at 193.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within fourteen (14) days of the party's receipt of this report and recommendation. The written objections must specifically identi-

fy the portion of the recommendation, or report to which objection is made and the basis for such objections. Failure to comply with this rule precludes further appellate review. *See Thomas v. Arn,* 474 U.S. 140, 155, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *School Union No. 37 v. United Nat. Ins. Co.,* 617 F.3d 554, 564 (1st Cir. 2010) *Davet v. Maccarone,* 973 F.2d 22, 30–31 (1st Cir.1992); *Paterson–Leitch Co. v. Mass. Mun. Wholesale Elec. Co.,* 840 F.2d 985 (1st Cir.1988); *Borden v. Sec'y of Health & Human Servs.,* 836 F.2d 4, 6 (1st Cir.1987); *Scott v. Schweiker,* 702 F.2d 13, 14 (1st Cir.1983); *United States v. Vega,* 678 F.2d 376, 378–79 (1st Cir.1982); *Perocier–Morales v. United States,* 887 F.Supp.2d 399, 405–06 (D.P.R.2012).

In San Juan Puerto Rico this 22nd day of January, 2014.