**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOHN P. BAKER, | No. 10-16716 |
| Petitioner - Appellant, | D.C. No. 4:09-cv-00315-FRZ |
| v. | |
| CHARLES L. RYAN; ATTORNEY GENERAL OF THE STATE OF ARIZONA, | MEMORANDUM[*] |
| Respondents - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Frank R. Zapata, Senior District Judge, Presiding

Submitted November 5, 2012[**]
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

John P. Baker appeals the district court's denial of his federal habeas corpus

petition as untimely. He argues that he was entitled to statutory or equitable tolling

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

of the Antiterrorism and Effective Death Penalty Act (AEDPA). We review this matter de novo. *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003). We affirm.

The parties are familiar with the facts. Baker was convicted by a jury for conspiracy, kidnaping, and child abuse. His conviction was denied review by the Arizona Supreme Court in 2001. A petition for post-conviction relief resulted in his resentencing on May 2, 2005. Baker filed several other petitions for post-conviction relief. Two were timely filed, consolidated, and denied by the Arizona Court of Appeals. The Arizona Supreme Court denied review of those two petitions on August 8, 2007. Baker filed a third petition for post-conviction review on October 3, 2006. The trial and appellate courts denied relief, and the Arizona Supreme Court denied review on December 17, 2007. Baker filed his fourth petition on September 11, 2007. The trial and appellate courts denied relief, and the Arizona Supreme Court denied review on March 10, 2009. He filed his federal habeas petition on June 3, 2009.

The AEDPA one-year statutory limitation runs from the latest of four events, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the "time during which a properly filed application

for State post-conviction or other collateral review" is pending. 28 U.S.C. § 2244(d)(2).

In Baker's case, AEDPA is tolled by the consolidated first and second petitions for post conviction relief, which were timely filed. The conclusion of direct review for those petitions was August 8, 2007. Unless he could avail himself of other tolling, the deadline for Baker to file his federal habeas petition was one year later, on August 8, 2008.

Whether the third petition was timely is irrelevant, as it would toll AEDPA until December, 2008, resulting in an time-barred federal habeas petition. The timeliness of the federal habeas petition rests on the fourth petition for post-conviction relief, which, if timely, would toll AEDPA until March 10, 2010.

Baker argues that his fourth petition meets a timeliness exception under Az.R.Crim.P. 32.1(g), allowing a petition if there is a "significant change in the law that if determined to apply to defendant's case would probably overturn the defendant's conviction or sentence." Baker's petition alleged a significant change in sentencing law. The state courts disagreed. Upholding the lower court, the Arizona Court of Appeals added that Baker's claim was unduly vague and that the alleged change did not apply to Baker. Because Baker's fourth petition did not qualify for the Rule 32.1(g) exception to the conditions to filing in Rule 32.4(a),

3

we conclude that it was untimely under Arizona law. Untimely petitions are not "properly filed", so the fourth petition does not toll AEDPA.

Baker further argues that two new Supreme Court cases, *Lafler v. Cooper*, 132 S. Ct. 1376 (2012) and *Missouri v. Frye*, 132 S. Ct. 1399 (2012), announce newly-recognized constitutional rights that apply retroactively to Baker's case and therefore toll AEDPA. 28 U.S.C. § 2244(d)(1)(C). But *Lafler* and *Frye* do not recognize new constitutional rights. *Buenrostro v. United States*, No. 12-71253, 12 Cal. Daily Op. Serv. 11, 430 (9th Cir. Oct. 9, 2012).

Finally, Baker argues that he is entitled to equitable tolling. He does not present judicially-recognized extraordinary circumstances or new evidence of actual innocence that would entitle him to equitable tolling. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

AFFIRMED.