# IN THE COURT OF APPEALS OF IOWA

No. 15-0546
Filed July 27, 2016

**MANTHA LEE HENDERSON SR.,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Black Hawk County, David P. Odekirk, Judge.

Mantha Lee Henderson Sr. appeals the summary dismissal of his application for postconviction relief. **AFFIRMED.**

James P. Moriarty of James P. Moriarty, P.C., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Bridget A. Chambers, Assistant Attorney General, for appellee State.

Considered by Danilson, C.J., Vaitheswaran, J., and Goodhue, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2015).

**GOODHUE, Senior Judge.**

This matter comes before the court as the result of an appeal of a summary dismissal of Mantha Lee Henderson's application for postconviction relief. The only record available to the court is Henderson's application, a transcript of the arguments of counsel, the district court's ruling, and an undated transcript of either a prior postconviction hearing or a deposition. The transcript includes testimony of the Honorable George Stigler, the presiding judge, and John Ackerman, Henderson's attorney during the trial that convicted him. It is not clear if the transcript was before the trial court in this proceeding. To the extent it contains information favorable to Henderson, we will assume it was.

I. Factual Background

From Henderson's petition, and the trial court's undisputed finding of facts and procedural history in its order of dismissal, it is apparent Henderson was found guilty by a jury trial of first-degree sexual abuse in 1985 and, accordingly, received a sentence of life in prison. He appealed, but his appeal was unsuccessful, and mittimus was issued. Since then, Henderson has filed three postconviction requests, all of which have been denied by the district court and affirmed on appeal.

In the present postconviction proceeding—Henderson's fourth— Henderson alleges his trial counsel was ineffective by allegedly failing to convey a proposed plea agreement that would have resulted in a sentence less than the life sentence he received. Henderson admits he had raised the issue of trial counsel's ineffectiveness in communicating plea negotiations and offers in at least two prior postconviction-relief proceedings.

II. Discussion

Applications for postconviction relief must be filed within three years of the date the writ of procedendo is entered. Iowa Code § 822.3 (2015). The State contends the time for Henderson to request postconviction relief has expired. Although the district court did not dismiss Henderson's claim based on the three-year bar, we may uphold the district court's ruling on any basis appearing in the record and urged on appeal, even if the district court did not decide the case on that basis. *Keen v. State*, 818 N.W.2d 1, 11 (Iowa 2012). The State raised the issue before the postconviction court, and therefore, we may dismiss Henderson's application on this basis if proper. We hold that it is.

Henderson does not contest that more than three years have elapsed since procedendo issued but instead contends the three-year bar is not applicable. *See* Iowa Code § 822.3 (stating "this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period"). He asserts ineffective assistance of counsel in the area of plea communication and negotiation is new law that did not exist prior to 2012 when the United States Supreme Court handed down two rulings in which ineffective assistance of counsel in plea communications between counsel and the accused became the basis for some measure of the relief requested by a petitioner in a postsentencing proceeding. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1384-88 (2012); *Missouri v. Frye*, 132 S. Ct. 1399, 1409 (2012). We disagree. It has been consistently held that effective assistance of counsel is to be afforded at all "critical" stages of a criminal proceeding, *see Montejo v. Louisiana*, 556 U.S. 778, 786 (2009); *Ledezma v. State*, 626 N.W.2d 134, 142 (Iowa 2001), including

during plea negotiations, *see Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985). At least one of the circuit courts of appeal has specifically held that *Lafler* and *Frye* do not constitute new law. *See Buenrostro v. United States*, 697 F.3d 1137, 1140 (9th Cir. 2012). The three-year bar is clearly applicable, and the trial court's decision is affirmed on that basis.

The trial court dismissed Henderson's claim after finding that the issue of the plea negotiation and communication had been included as the basis for a claim of ineffective assistance of counsel in at least two of his previous applications for postconviction relief. Henderson confirmed that finding in his own verified petition. Even assuming a timely filed petition grounds raised in a previous postconviction proceeding may not be relitigated in a subsequent application. Iowa Code § 822.8 ("Any ground finally adjudicated . . . in any other proceeding the applicant has taken to secure relief, may not be the basis for a subsequent application, unless the court finds a ground for relief asserted which for sufficient reason was not asserted or was inadequately raised . . . ."); *Holmes v. State*, 775 N.W.2d 733, 735 (Iowa Ct. App. 2009) (noting a postconviction-relief proceeding is not intended to be a vehicle to relitigate issues already adjudicated)*.* The trial court properly dismissed Henderson's application because his claim had already been adequately raised and decided in prior applications.

We affirm the trial court's dismissal of Henderson's application for postconviction relief on both grounds set out above.

**AFFIRMED.**