**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JOSE LUIS BUENROSTRO,
                              *Petitioner,*

v.

UNITED STATES OF AMERICA,
                              *Respondent.*

No. 12-71253

ORDER

Application to File Second or Successive
Petition Under 28 U.S.C. § 2255
Submitted to Motions Panel July 9, 2012*

Filed October 9, 2012

Before: Alex Kozinski, Chief Judge, Sidney R. Thomas and
Sandra S. Ikuta, Circuit Judges.

---

## COUNSEL

Jose Luis Buenrostro, Mendota, California, filed the application for leave to file a second or successive motion for the petitioner.

No appearance on behalf of the respondent.

---

*The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

12195

## ORDER

Petitioner Jose Luis Buenrostro was tried and convicted of conspiracy to manufacture more than thirty-one kilograms of methamphetamine. Because Buenrostro had two prior felony drug convictions, the district court sentenced him to a mandatory minimum term of life imprisonment without parole. *See* 21 U.S.C. §§ 846, 851(d)(1), 841(a)(1), (b)(1)(A)(viii). We affirmed Buenrostro's conviction on direct appeal. *See United States v. Buenrostro*, 163 F.3d 608 (9th Cir. 1998). He then moved the district court to vacate his sentence under 28 U.S.C. § 2255, which the district court denied on the merits.

After the district court concluded Buenrostro's § 2255 proceeding, Buenrostro moved to reopen the proceeding under Federal Rule of Civil Procedure 60(b) due to a newly discovered ineffective assistance of counsel claim. According to Buenrostro, his trial lawyer received a plea offer five months before trial and had Buenrostro accepted that offer, he would have received a maximum sentence of fourteen years. Buenrostro contends that his trial lawyer did not realize that Buenrostro faced the possibility of a life sentence, and the lawyer rejected the offer without informing Buenrostro of the offer. Buenrostro asked the district court to set aside its denial of his original § 2255 motion and to hold an evidentiary hearing on this new claim.

The government moved in the district court to dismiss Buenrostro's motion as, in substance, an unauthorized second or successive § 2255 motion. 28 U.S.C. §§ 2255(h), 2244(b)(3)(A). The district court agreed and dismissed Buenrostro's Rule 60(b) motion for lack of jurisdiction. *See Burton v. Stewart*, 549 U.S. 147, 149, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (per curiam). We affirmed the district court's dismissal. *See United States v. Buenrostro*, 163 Fed. Appx. 524 (9th Cir. Jan. 17, 2006).

Buenrostro has now filed an application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the

district court, a motion for permission to expand the record, and a motion for release pending review. Additionally, in his motion to expand the record, he requests appointment of counsel. Buenrostro again wishes to raise an ineffective assistance of trial counsel claim based on the failure to communicate the plea offer. He further contends his post-conviction counsel was ineffective because she failed to raise the trial lawyer's failure to communicate the plea offer in the original § 2255 motion.

We grant the motion for permission to expand the record but we deny the application for authorization to file a second or successive motion because Buenrostro has not made the requisite prima facie showing under 28 U.S.C. § 2255.

Section 2255 provides:

> A second or successive motion must be certified . . . by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the defendant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Buenrostro grounds his second or successive motion in subsection (2), contending that the Supreme Court's recent decisions in *Martinez v. Ryan*, ___ U.S. ___, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), *Missouri v. Frye*, ___ U.S. ___, 132 S.Ct. 1399, 182 L.Ed.2d 379 (2012), and *Lafler v. Cooper*, ___ U.S. ___, 132 S.Ct. 1376, 182 L.Ed.2d. 398 (2012), constitute new rules of constitutional law. This contention fails.

First, *Martinez* cannot form the basis for an application for a second or successive motion because it did not announce a new rule of constitutional law. In *Martinez*, the Supreme Court noted that *Coleman v. Thompson*, 501 U.S. 722, 746-47 (1991), held that "an attorney's negligence in a postconviction proceeding does not establish cause" to excuse procedural default. *See* 132 S.Ct. at 1319. The Court recognized that *Coleman* "left open . . . a question of constitutional law: whether a prisoner has a right to effective counsel in collateral proceedings which provide the first occasion to raise a claim of ineffective assistance at trial." *See id.* at 1315. However, the Court did not resolve this constitutional question in *Martinez*. *Id.* Instead, the Court "qualifie[d] *Coleman* by recognizing a narrow exception: inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *See id.* The Court characterized its decision as an "equitable ruling," and not a constitutional one. *See id.* at 1319. Thus, *Martinez* did not decide a new rule of constitutional law as required to grant an application under 28 U.S.C. § 2255.

Second, *Martinez* cannot form the basis for Buenrostro's application because *Martinez* concerns procedural default based on ineffective assistance of habeas counsel in state habeas proceedings. *See id.* (stating "[w]here, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective."). Here, Buenrostro is a federal prisoner who wishes to collaterally attack the legality of his federal conviction or sentence under 28 U.S.C. § 2255. *Martinez* is inapplicable to federal convictions and thus inapplicable to Buenrostro's application.

Finally, neither *Frye* nor *Lafler* can form the basis for an application for a second or successive motion because neither

case decided a new rule of constitutional law. The Supreme Court in both cases merely applied the Sixth Amendment right to effective assistance of counsel according to the test articulated in *Strickland v. Washington*, 466 U.S. 668, 686, 104 S.Ct. 2052, 2063, 80 L.Ed.2d 674 (1984), and established in the plea-bargaining context in *Hill v. Lockhart*, 474 U.S. 52, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). *See Frye*, 132 S.Ct. at 1404-08 (stating "[t]his application of *Strickland* to the instances of an uncommunicated, lapsed plea does nothing to alter the standard laid out in *Hill*); *Lafler*, 132 S.Ct. at 1384 (stating that the "question for this Court is how to apply *Strickland's* prejudice test where ineffective assistance results in a rejection of the plea offer and the defendant is convicted at the ensuing trial.") Because the Court in *Frye* and *Lafler* repeatedly noted its application of an established rule to the underlying facts, these cases did not break new ground or impose a new obligation on the State or Federal Government. Therefore, we join the Eleventh Circuit in concluding that neither case decided a new rule of constitutional law. *See In re Perez*, 682 F.3d 930, 933-34 (11th Cir. 2012).

Buenrostro has not made the showing necessary for this court to grant his application because *Martinez*, *Frye*, and *Lafler* did not decide a new rule of constitutional law as required under 28 U.S.C. § 2255, and because *Martinez* is not applicable to Buenrostro's application for authorization to file a second or successive motion. Accordingly, his application is denied.

The pending motions for release pending review and counsel are denied as moot.

**DENIED**.