**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

UNITED STATES OF
AMERICA,
*Plaintiff-Appellee*,

v.

JOSE LUIS BUENROSTRO,
*Defendant-Appellant.*

Nos. 16-10499
17-15453

D.C. Nos.
2:95-cr-00504-WBS-AC-1
2:16-cv-01344-WBS-AC

OPINION

Appeal from the United States District Court
for the Eastern District of California
William B. Shubb, Senior District Judge, Presiding

Argued and Submitted April 12, 2018[*]
San Francisco, California

Filed July 13, 2018

Before: William A. Fletcher and Richard C. Tallman,
Circuit Judges, and Brian M. Morris,[**] District Judge.

Opinion by Judge W. Fletcher

---

[*] The panel unanimously concludes that case number 16-10499 is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[**] The Honorable Brian M. Morris, United States District Judge for the District of Montana, sitting by designation.

## SUMMARY[***]

### 18 U.S.C. § 3582(c)(2) / 28 U.S.C. § 2255

The panel affirmed the district court's denial of Jose Luis Buenrostro's motion for a sentence reduction under 18 U.S.C. § 3582(c)(2), and the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255, following President Obama's commutation of his sentence from life in prison without release to 360 months in prison.

The panel held that Buenrostro is ineligible for a sentence modification under § 3582(c)(2) because he was originally sentenced based on a statutory mandatory minimum, not based on a sentencing range. Explaining that a presidential commutation does not overturn the sentence imposed by the sentencing court, the panel wrote that President Obama's commutation was not based on a recalculation of a sentencing range.

The panel held that President Obama's commutation of Buenrostro's sentence did not create a new judgment, and that Buenrostro therefore remains subject to the restrictions on second-or-successive motions under § 2255.

---

[***] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

John P. Balazs (argued), Sacramento, California, for Defendant-Appellant.

Owen Roth (argued) and Jason Hitt, Assistant United States Attorneys; Camil A. Skipper, Appellate Chief; Phillip A. Talbert, United States Attorney; United States Attorney's Office, Sacramento, California; for Plaintiff-Appellee.

**OPINION**

W. FLETCHER, Circuit Judge:

Defendant Jose Luis Buenrostro brings two appeals. First, in case number 16-10499, he appeals the district court's denial of his motion for a sentence modification under 18 U.S.C. § 3582(c)(2). Second, in case number 17-15453, he appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. § 2255. Both appeals turn on the effect of President Obama's commutation of Buenrostro's sentence in 2016 from life in prison without release to 360 months in prison. We have jurisdiction in the first appeal under 28 U.S.C. § 1291 and in the second appeal under 28 U.S.C. § 2253. We affirm in both.

## I. Background

On June 26, 1996, Buenrostro was convicted of conspiracy to manufacture more than thirty-one kilograms of methamphetamine in violation of 21 U.S.C. §§ 846, 841(a)(1). *See Buenrostro v. United States*, 697 F.3d 1137, 1138 (9th Cir. 2012).

Before the conviction at issue in this case, Buenrostro had been convicted of, among other things, distribution of a controlled substance (cocaine) and possession of cocaine for sale. Both were felony convictions. On May 16, 1996, and June 6, 1996, the government filed informations pursuant to 21 U.S.C. § 851 charging Buenrostro's prior felony drug convictions as sentencing enhancements.

Because Buenrostro had "two or more prior convictions for a felony drug offense," he was subject to a "mandatory term of life imprisonment without release." *See* 21 U.S.C. § 841(b)(1)(A)(viii). The federal Sentencing Guidelines otherwise prescribed a sentencing range of 360 months to life. Buenrostro was sentenced to life in prison without release on January 8, 1997.

On September 13, 1999, Buenrostro filed a timely motion to vacate his sentence under 28 U.S.C. § 2255. The district court denied the motion, and we affirmed. *See United States v. Buenrostro*, 163 Fed. App'x 524, 525 (9th Cir. Jan. 17, 2006) (unpublished).

On December 18, 2006, Buenrostro learned that the government had made a plea offer that his attorney failed to communicate to him. On December 12, 2007, Buenrostro moved in the district court to reopen his § 2255 proceedings pursuant to Federal Rule of Civil Procedure 60(b) in order to make a claim of ineffective assistance of counsel. The court denied the motion as an impermissible second-or-successive motion under § 2255, and we affirmed. *See United States v. Buenrostro*, 638 F.3d 720, 721 (9th Cir. 2011) (per curiam). We held that Buenrostro's "new claim neither bears on his innocence of the underlying crime nor turns on a new rule of

constitutional law," as required by 28 U.S.C. § 2255(h). *Id.* at 723.

Next, Buenrostro sought leave from this court to file a second or successive motion under § 2255(h)(2) in light of *Martinez v. Ryan*, 566 U.S. 1 (2012), *Missouri v. Frye*, 566 U.S. 134 (2012), and *Lafler v. Cooper*, 566 U.S. 156 (2012). *See Buenrostro*, 697 F.3d at 1139. We denied leave, concluding that none of these cases announced a "new rule of constitutional law." *Id.* at 1140. We also noted that *Martinez* "is inapplicable to federal convictions and thus inapplicable to Buenrostro's application." *Id.*

On August 3, 2016, President Obama commuted Buenrostro's sentence to 360 months in prison.

In light of the commutation, Buenrostro sought a modification of his sentence under 18 U.S.C. § 3582(c)(2). To be eligible, Buenrostro must have been sentenced "based on a sentencing range that has subsequently been lowered." 18 U.S.C. § 3582(c)(2). He argued that the commutation nullified the mandatory minimum sentence he received, such that he was, in effect, newly sentenced "based on a sentencing range." He further argued that his sentencing range had been lowered by the federal Sentencing Commission pursuant to Amendment 782, which modified the offense levels in the Guidelines' drug quantity table. The district court denied the motion, concluding that regardless of President Obama's commutation, Buenrostro was not sentenced "based on a sentencing range," as required by Section 3582(c)(2). Buenrostro timely appealed in case number 16-10499.

Separately, Buenrostro brought a motion under § 2255, contending that he could raise his ineffective assistance of

counsel claim in a motion to vacate the "new judgment" created by the commutation, citing *Magwood v. Patterson*, 561 U.S. 320 (2010). The district court concluded that a "commutation is not a new sentence or judgment." The court denied the motion as an impermissible second-or-successive motion under § 2255. Buenrostro timely appealed in case number 17-15453.

## II. Standard of Review

We review de novo whether the district court has jurisdiction to modify Buenrostro's sentence under 18 U.S.C. § 3582(c)(2). *United States v. Mercado-Moreno*, 869 F.3d 942, 953 (9th Cir. 2017). We review de novo the district court's determination that the Section 2255 motion is "second or successive." *United States v. Lopez*, 577 F.3d 1053, 1059 (9th Cir. 2009).

## III. Discussion

### A. No. 16-10499: Modification of Sentence

A court may modify a criminal sentence "in the case of a defendant who has been sentenced . . . based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). A defendant is sentenced "based on a sentencing range" if "the range was a basis for the court's exercise of discretion in imposing a sentence. To 'base' means '[t]o make, form, or serve as a foundation for,' or '[t]o use (something) as the thing from which something else is developed.'" *Hughes v. United States*, 138 S. Ct. 1765, 1775 (2018) (quoting Black's Law Dictionary 180 (10th ed. 2014)).

If a defendant was not originally sentenced "based on a sentencing range," he is not eligible for a sentence modification under Section 3582(c)(2). *See United States v. Paulk*, 569 F.3d 1094, 1095 (9th Cir. 2009) (per curiam). A sentence is not "based on a sentencing range" when it is based instead on a statutory mandatory minimum that exceeds the otherwise applicable Guidelines range. *See Koons v. United States*, 138 S. Ct. 1783, 1788 (2018). In such a case, the sentencing court must "discard" the Guidelines range "in favor of the mandatory minimum sentence[]," *id.* at 1790, and the range "play[s] no relevant part in the judge's determination of the defendant's ultimate sentence," *id.* at 1788.

The same is true even if a statutory mandatory minimum falls within the otherwise applicable Guidelines range. In *United States v. Mullanix*, 99 F.3d 323 (9th Cir. 1996), we held that a defendant was ineligible for a sentence modification because he was subject to a "statutorily required minimum of sixty months." *Id.* at 324. Although the statutory minimum fell within the Guidelines range of fifty-seven to seventy-one months, we nevertheless held that "he was sentenced pursuant to the statutorily required minimum, which was not affected by the change in the marijuana equivalency tables. Therefore, the district court had no authority to reduce Mullanix's sentence under § 3582(c)(2)." *Id.*

Buenrostro was originally sentenced "based on" a statutory mandatory minimum. His original sentence was not based on a sentencing range, nor indeed was President Obama's commutation based on a recalculation of that range. Like a full pardon, a presidential commutation does not overturn the sentence imposed by the sentencing court. It

simply "mitigates or sets aside punishment." *Nixon v. United States*, 506 U.S. 224, 232 (1993) (quoting Black's Law Dictionary 1113 (6th ed. 1990)) (emphasis removed).

Buenrostro is therefore ineligible for a sentence modification, and the district court properly denied his motion.

 B. No. 17-15453:  Commutation Is Not a "New Judgment"

Section 2255 authorizes a "prisoner in custody under sentence of a court established by Act of Congress" to "move the court which imposed the sentence to vacate, set aside or correct the sentence" based on a violation of federal law. 28 U.S.C. § 2255(a).  However, the statute places restrictions on "second or successive" motions.  28 U.S.C. § 2255(h).  A "second or successive" motion may not be brought unless it relies on "(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.*

However, not all second-in-time motions qualify under § 2255 as "second or successive" motions that must satisfy the criteria of § 2255(h).  *Magwood*, 561 U.S. at 332 (describing "second or successive" as a "term of art" (quoting *Slack v. McDaniel*, 529 U.S. 473, 486 (2000))).  To be "second or successive," the second-in-time motion must challenge the same judgment as the earlier motion.  *Id.* at 341–42.  Thus, a second-in-time motion challenging a "new or intervening judgment[]" is not second or successive within

the meaning of § 2255(h). *Clayton v. Biter*, 868 F.3d 840, 843 (9th Cir. 2017).

In criminal cases, "[t]he sentence *is* the judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 769 (9th Cir. 2017) (quoting *Burton v. Stewart*, 549 U.S. 147, 156 (2007) (per curiam)) (emphasis in original); *see also Wentzell v. Neven*, 674 F.3d 1124, 1127–28 (9th Cir. 2012) ("[W]e treat the judgment of conviction as one unit, rather than . . . treating the conviction and sentence for each count separately."). A judicial resentencing may thus produce a new judgment. *Gonzalez*, 873 F.3d at 769 ("[A] change to a defendant's sentence is a change to his judgment."). A new judgment may be challenged without regard to the limitation on second-or-successive petitions "even if the [second-in-time] petition challenges only undisturbed portions of the original judgment." *Id.* at 768 (emphasis removed).

Buenrostro argues that President Obama's commutation changed his sentence and thereby created a new judgment. But not every change to a criminal sentence creates a new judgment. *See, e.g.*, *Sherrod v. United States*, 858 F.3d 1240, 1242 (9th Cir. 2017) (holding that a sentence modification under 18 U.S.C. § 3582(c)(2) does not). To create a new judgment, a change to a sentence must be accompanied by a legal invalidation of the prior judgment. *See id.* (noting that a Section 3582(c)(2) modification is "limited" in that "[t]he penalty goes down, but the original judgment is not declared invalid" (quoting *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014))); *Gonzalez*, 873 F.3d at 770 (emphasizing that the court's correction of the awarded presentence credits "replaces an invalid sentence with a valid one"). The essential criterion is legal invalidation of the prior judgment, not the imposition of a new sentence. This may be seen in

*Magwood*, where the defendant received the same sentence upon resentencing.  561 U.S. at 326.

A presidential commutation does not invalidate the prior court-imposed judgment.  The power to commute sentences derives from the power to "grant Reprieves and Pardons." *Schick v. Reed*, 419 U.S. 256, 260 (1974) (quoting U.S. Const. Art. II, § 2, cl. 1).  The pardon is "an act of grace" by the Executive that "exempts the individual, on whom it is bestowed, from the punishment the law inflicts for a crime he has committed."  *United States v. Wilson*, 32 U.S. 150, 160 (1833).  "[T]he granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside *punishment* for a crime.'"  *Nixon*, 506 U.S. at 232 (quoting Black's Law Dictionary 1113 (6th ed. 1990)) (emphasis in original).  The same is true of commutations. President Obama's commutation of Buenrostro's sentence thus does not create a new judgment such that he is no longer subject to the restrictions on second-or-successive motions.

**AFFIRMED.**