**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

NICOLAS Z. MORALES,
*Petitioner-Appellant*,

v.

STUART SHERMAN, Warden,
*Respondent-Appellee.*

No. 17-56304

D.C. No.
2:17-cv-04384-
BRO-AGR

OPINION

Appeal from the United States District Court
for the Central District of California
Beverly Reid O'Connell, District Judge, Presiding

Submitted January 9, 2020[*]
Pasadena, California

Filed January 30, 2020

Before: Paul J. Watford, Mark J. Bennett, and
Kenneth K. Lee, Circuit Judges.

Per Curiam Opinion

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

# SUMMARY[**]

### Habeas Corpus

The panel reversed the district court's judgment summarily dismissing, as an unauthorized "second or successive" petition, Nicolas Z. Morales's 2017 habeas corpus petition challenging his 2009 California attempted-robbery conviction and three-strikes sentence.

The district court dismissed Morales's 2012 habeas petition as untimely. In 2016, the state trial court granted Morales's petition for relief in light of Proposition 47 – a ballot initiative, approved by California voters in 2014, reducing certain theft offenses from felonies to misdemeanors – and issued an amended abstract of judgment reflecting the reclassification of grand and petty theft counts.

Agreeing with Morales and the State of California, the panel held that Morales's successful effort to obtain relief under Proposition 47 resulted in the issuance of a new, intervening judgment for purposes of 28 U.S.C. § 2244(b), such that the 2017 federal habeas petition is the first petition challenging the new judgment. The panel held that the district court therefore erred by dismissing the petition on the basis that the 2017 petition is an unauthorized "second or successive" petition under § 2244(b)(3)(A), and remanded.

---

[**] This summary constitutes no part of the opinion of the court. It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Hilary Potashner, Federal Public Defender; Margaret A. Farrand, Deputy Federal Public Defender; Office of the Federal Public Defender, Los Angeles, California; for Petitioner-Appellant.

Xavier Becerra, Attorney General; Gerald A. Engler, Chief Assistant Attorney General; Lance E. Winters, Senior Assistant Attorney General; Michael R. Johnsen and Stephanie C. Brenan, Supervising Deputy Attorneys General; Office of the Attorney General, Los Angeles, California; for Respondent-Appellee.

**OPINION**

PER CURIAM:

In 2009, petitioner Nicolas Morales was convicted in California state court of one count of attempted robbery, one count of grand theft, and two counts of petty theft, among other offenses. The state trial court sentenced him to 35 years to life on the attempted robbery count under California's three-strikes law, two years' imprisonment on the grand theft count and one of the petty theft counts, and six months' imprisonment on the other petty theft count, with those sentences to be served concurrently with the sentence on the attempted robbery count. Morales did not pursue a direct appeal; he later unsuccessfully sought state post-conviction relief.

In 2012, Morales filed a petition for writ of habeas corpus in federal court. His petition challenged the sufficiency of the evidence supporting his attempted robbery

conviction, as well as the trial court's refusal to dismiss the prior-conviction allegations that led to his being sentenced as a three-strikes offender. The district court dismissed his petition with prejudice on the ground that it was untimely.

In 2014, California voters approved Proposition 47, a ballot initiative that, as relevant here, reduces certain theft offenses from felonies to misdemeanors when the value of the property taken does not exceed $950. Cal. Penal Code § 490.2(a); *see People v. Buycks*, 422 P.3d 531, 535 (Cal. 2018). The initiative authorizes retrospective relief for offenders convicted, prior to its enactment, of felonies that would now be classified as misdemeanors. An offender eligible for such relief may petition the court to recall the original sentence and to resentence him as a misdemeanant. Cal. Penal Code § 1170.18(a). If the court grants the requested relief, the scope of its resentencing authority extends to all counts, even those not affected by Proposition 47. *Buycks*, 422 P.3d at 549–51.

In 2015, Morales filed a petition under California Penal Code § 1170.18(a) asking the state trial court to reduce his grand and petty theft convictions from felonies to misdemeanors. In 2016, the court granted his request. The court reclassified Morales' grand and petty theft convictions as misdemeanors, recalled his original sentence, and resentenced him to 180 days in county jail on each of those counts, with the sentences again to run concurrently with his undisturbed 35-years-to-life sentence on the attempted robbery count. The court then issued an amended abstract of judgment reflecting the reclassification of the grand and petty theft counts.

In 2017, Morales filed another federal habeas petition, which raised the same two claims he asserted in his 2012 federal habeas petition. The district court concluded that the

petition constituted an unauthorized "second or successive" petition under 28 U.S.C. § 2244(b)(3)(A), a provision that bars district courts from entertaining a second or successive petition unless its filing has first been authorized by the court of appeals. On that basis, the court summarily dismissed Morales' petition without reaching the merits.

On appeal, Morales argues that the district court erred because his petition does not qualify as a second or successive petition under § 2244(b). A petition can be deemed "second or successive" under § 2244(b) only if it challenges the same state court judgment challenged in an earlier petition. *See United States v. Buenrostro*, 895 F.3d 1160, 1165 (9th Cir. 2018). Thus, when a new judgment intervenes between the filing of two federal habeas petitions, a petition challenging the new, intervening judgment is not considered "second or successive." *Magwood v. Patterson*, 561 U.S. 320, 341–42 (2010). Morales contends that his successful effort to obtain relief under Proposition 47 resulted in issuance of a new, intervening judgment, and that his 2017 federal habeas petition therefore was not second or successive. The State agrees with Morales on this point, and so do we.[1]

Our circuit has previously held that "a petition is not second or successive when there is an amended judgment and the petition is the first one following that amended

---

[1] The State contends that our court should reconsider *Wentzell v. Neven*, 674 F.3d 1124 (9th Cir. 2012), which held that a petition challenging a new, intervening judgment is "not second or successive *even if* the petition challenges only undisturbed portions of the original judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 768 (9th Cir. 2017) (citing *Wentzell*, 674 F.3d at 1126–28). As the State acknowledges, however, we have no authority as a three-judge panel to reconsider whether *Wentzell* was correctly decided.

judgment." *Gonzalez v. Sherman*, 873 F.3d 763, 768–69 (9th Cir. 2017). That is precisely the situation we have here. Morales' successful petition for relief under Proposition 47 resulted in the reclassification of his grand and petty theft convictions as misdemeanors. That reclassification rendered his original prison sentences on those counts invalid, which explains why the court recalled his original sentence and resentenced him as a misdemeanant to 180 days in county jail. As was true in *Gonzalez*, because these actions "led to a change in the sentence and judgment, the abstract of judgment had to be amended as well so as to reflect that change." *Id.* at 770.

Issuance of the amended abstract of judgment represented the issuance of a new, intervening judgment for purposes of 28 U.S.C. § 2244(b). Morales' 2017 federal habeas petition is the first petition challenging that new judgment, so it is not an unauthorized "second or successive" petition under § 2244(b)(3)(A). The district court erred by dismissing the petition on that basis.

In light of our disposition, we need not address whether Morales' *unsuccessful* effort to obtain relief under a different California ballot initiative, Proposition 36, also resulted in issuance of a new, intervening judgment for purposes of § 2244(b).

Morales' unopposed motion to take judicial notice of various court transcripts and documents (Dkt. No. 25) is GRANTED.

**REVERSED and REMANDED.**