NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0080n.06

Case No. 24-5353

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| | | **FILED** |
| | | Feb 12, 2025 |
| UNITED STATES OF AMERICA, | ) | KELLY L. STEPHENS, Clerk |
| Plaintiff-Appellee, | ) | |
| | ) | |
| | ) | ON APPEAL FROM THE |
| v. | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| BOBBY PAYNE, | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | O P I N I O N |

Before: THAPAR, NALBANDIAN, and RITZ, Circuit Judges.

**NALBANDIAN, Circuit Judge.** The government charged Bobby Payne with possession with intent to distribute methamphetamine and for being a felon in possession of a gun. Rather than go to trial, he and the government entered a Rule 11(c)(1)(C) plea agreement that bound the district judge to impose a forty-six-month term of imprisonment once he accepted the plea. After considering Payne's circumstances, the judge accepted the plea and imposed the agreed-to sentence.

The Sentencing Commission has since retroactively amended the Guidelines in a way that could have covered Payne. So the district judge, of his own motion, invoked 18 U.S.C. § 3582(c)(2) to determine whether Payne should benefit from this retroactive amendment. The government opposed any reduction. And in a brief, form order the judge denied Payne a further reduction. Payne now argues that the order's brevity was unreasonable. Because we disagree, we AFFIRM Payne's sentence.

**I.**

Bobby Payne was charged with three counts—two counts of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841 and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1).  Each violation carried its own mandatory minimum, but still, Payne received forty-six months based on a binding Rule 11(c)(1)(C) plea agreement.

By entering a (c)(1)(C)-plea agreement, the judge was bound to impose the plea's agreed-to sentence if he accepted it.  The first draft agreement included a ninety-six-month sentence.  But the judge rejected this version because he thought that sentence was too long.  So the parties pivoted and drafted a new agreement.  This new version included the same substantive provisions—like an appeal waiver and a waiver of Payne's right to "file a motion to have his sentence modified pursuant to 18 U.S.C. § 3582(c)."  Final Plea Agreement, R.48, p.6–7, PageID#217–18.  The only change was their agreement to a forty-six-month sentence.

The judge still calculated the relevant sentencing framework—as he must.  And though the counts each carried mandatory minimums, the advisory-Guidelines range was even higher.  Based on the various enhancements and reductions, Payne's total offense level was 35.  Relevant to this appeal was his criminal-history score.  At the time of sentencing, the Guidelines required that he be subject to two "status points" because the instant offenses were committed while under a criminal justice sentence.  U.S.S.G. § 4A1.1(d) (2021).  And along with other points, his criminal-history score was seven, so a category IV.  His advisory-Guidelines range was 235 to 293 months' imprisonment.

But as noted, Payne entered a plea to avoid this sentence.  The parties proceeded to a joint change-of-plea and sentencing hearing.  And when the judge looked at the circumstances of

Payne's case, he agreed that the forty-six-month sentence adopted by the plea was appropriate. He looked at Payne's rehabilitation, willingness to engage in a substance-abuse-treatment program, the letters from his employer lauding his work, and how Payne had generally turned his life around. In total, the judge found that the circumstances warranted this drastically reduced sentence.

The Sentencing Commission has since retroactively amended the Guidelines. On November 1, 2023, Part A of Amendment 821 went into effect, reducing the number of status points applicable to a defendant based on his prior convictions. U.S.S.G. § 4A1.1(e) (2023). So on the court's own motion, it ordered the probation office to file a motion of recalculation, and for the U.S. Attorney and Payne to recommend if, whether, and how, Payne should benefit from Amendment 821.

As applied to Payne, the amendment reduced his criminal-history points to five instead of seven, so his criminal-history category was III instead of IV, and his advisory range was 210 to 262 months instead of 235 to 293 months. But the government objected to any reduction to Payne's sentence and offered a response to the recalculation memorandum.

Payne disagreed. He first clarified that because the Guidelines were a starting point for the judge's decision to accept the plea and because his range had been reduced, he was entitled to reconsideration of, and a reduction to, the original sentencing decision. He then argued that he was entitled to the reduction because it would be consistent with the principles behind the Guidelines and 18 U.S.C. § 3553(a). In essence, the amended Guidelines contemplated that certain offenders were less likely to recidivate and their danger to the public was low. Since Payne had not had any disciplinary violations in prison and had continued to accept responsibility, he was entitled to a reduced thirty-seven-month sentence.

In light of this briefing and the original sentencing record, the judge—in a form order—denied reconsideration. It briefly explained:

> Upon motion of . . . the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,
>
> **IT IS ORDERED** that the motion is: DENIED. . . . The defendant received a significant departure at the time of sentencing. An additional reduction is not warranted at this time.

Order Denying Sentence, R.59, p.1, PageID#286. Payne now appeals this denial. He argues that the judge's form order insufficiently explained his denial of the motion and so was procedurally and substantively unreasonable.

## II.

Once the district court imposes a sentence, it typically may not be modified. Section § 3582(c)(2), however, is one exception to this general rule of finality. It permits a modification when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission," if the district court finds that a "reduction is consistent with" relevant Guidelines policy statements. 18 U.S.C. § 3582(c)(2).

Still, § 3582 does not authorize a full resentencing. It merely grants district courts the "power to 'reduce' an otherwise final sentence in circumstances specified by the Commission." *Dillon v. United States*, 560 U.S. 817, 825 (2010) (quoting § 3582(c)). Thus a § 3582(c)(2) sentencing modification proceeds in two steps. *Id.* at 826. First, as a matter of eligibility, the judge must determine whether a modification for that defendant adheres to U.S.S.G. § 1B1.10. *Id.* And if he answers that question affirmatively, he can proceed to the second step—a matter of discretion.

The judge must decide whether "the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a)." *Id.*

But before we can reach the merits of Payne's appeal, we must first resolve two procedural quirks of this case. First, we must address the scope of our substantive review of § 3582(c)(2) appeals. *See United States v. Marshall*, 954 F.3d 823, 829 (6th Cir. 2020); *United States v. Bowers*, 615 F.3d 715, 723–28 (6th Cir. 2010). Next, we must assure ourselves that Payne was entitled to a sentence modification under § 3582(c)(2) as a (c)(1)(C)-plea beneficiary. We address each in turn.

## A.

First, we stop to discuss the scope of our appellate review of § 3582(c)(2) motions. It's true we have subject-matter jurisdiction to review these appeals under 28 U.S.C. § 1291. *Marshall*, 954 F.3d at 829. But that does not mean our substantive review is plenary. Instead, like the limited nature of the modification allowed under § 3582(c)(2), Congress has also severely circumscribed the scope of our appellate review of sentences modified under § 3582(c)(2). *Bowers*, 615 F.3d at 723–28. To that end, Congress enacted 18 U.S.C. § 3742(a)—a claims-processing rule—as a "mandatory limit on our authority to grant a certain form of relief." *Marshall*, 954 F.3d at 826 (citing *Fort Bend Cnty. v. Davis*, 139 S. Ct. 1843, 1849 (2019)).

Relevant here, § 3742(a) limits our review in two ways. First, an allegation of procedural or substantive unreasonableness does not constitute a "violation of law" within the meaning of § 3742(a)(1). *Bowers*, 615 F.3d at 727. And second, it limits our review to only those acts by the district judge which "impose" a new sentence—that is, when he engages in a limited modification or reduction to an existing sentence based on his discretionary authority in § 3782(c)(2). *United States v. Begley*, No. 21-5760, 2023 WL 2991868, at *1 (6th Cir. Apr. 18, 2023) ("Nor does a

district court's refusal to reduce an eligible defendant's sentence under § 3582(c)(2) 'impose' a sentence so as to be reviewable under § 3742(a)(1)." (quoting *Marshall*, 954 F.3d at 829–30)); *see also United States v. Hunnicutt*, 807 F. App'x 551, 552–53 (6th Cir. 2020).[1]

Because § 3742(a) is a claims-processing rule and not a limit on our subject-matter jurisdiction, it can be waived or forfeited. *United States v. Smithers*, 960 F.3d 339, 341 (6th Cir. 2020) ("[T]he United States may forfeit the argument that § 3742(a) restricts our review by failing to raise that argument."). And that's what the government has done here—it expressly waives § 3742(a)'s applicability in its appellate briefing. Like panels before us, we assume without deciding that this waiver "authorizes us" to review Payne's claims for procedural and substantive reasonableness.[2] *Begley*, 2023 WL 2991868, at \*1. And we likewise assume that the same standards that apply to appeals of an original sentencing also apply to a judge's denial of a § 3582(c)(2) motion. *Chavez-Meza v. United States*, 138 S. Ct. 1959, 1966 (2018) ("[W]e find

---

[1] There is some doubt about the continuing viability of *United States v. Bowers*, though that issue is not before us today. 615 F.3d 715 (6th Cir. 2010). We have, for example, declined to extend its logic to other limited sentencing modifications like under the First Step Act. *United States v. Foreman*, 958 F.3d 506, 513 (6th Cir. 2020) ("While *Bowers* found the authority granted to district courts in Rule 35(b) and § 3582(c)(2) to be of 'limited scope and purpose,' the same cannot be said of the more open-ended discretion afforded to district courts under the First Step Act." (citation omitted) (quoting *Bowers*, 615 F.3d at 728)). And the fact that "reasonableness review has increasingly become the default standard for assessing a defendant's challenge to his or her sentence," and no other circuit has followed its logic, casts an increasingly long shadow over *Bowers*'s reasoning. *Id.* at 514; *United States v. Rodriguez*, 855 F.3d 526, 530 (3d Cir. 2017) ("No Circuit has followed [*Bowers*].") (collecting cases). For now, it remains the law of this circuit and we are bound to apply its rules.

[2] As part of his plea agreement, Payne both waived his right to appeal and his right to pursue any § 3582(c) motions. But the government has elected not to enforce the waiver. So we don't address whether that waiver was effective, even in a case in which—as here—the district court moved on its own to reconsider based on § 3582(c)(2). It's also for this reason that we do not address Payne's argument that the district court overrode the waiver when it made its own motion.

that the District Court's explanation [denying the § 3582(c)(2) motion] satisfies the standard we used in *Rita* and *Gall*, assuming it applies to sentence modifications.").

**B.**

We next confront another preliminary question. The government contends that Payne is ineligible for § 3582(c)(2) relief because his sentence isn't "based on" his original sentencing range. It's true that until recently, it wasn't clear whether a defendant who had entered a (c)(1)(C)-plea could benefit from § 3582(c)(2) relief. This is because of the limited role that the original Guidelines range plays in these kinds of pleas. The (c)(1)(C)-plea is a unique breed of plea authorized by the Federal Rules of Criminal Procedure. Under Rule 11(c), the government and the defendant agree "that a specific sentence or sentencing range is the appropriate disposition of the case, or that a particular provision of the Sentencing Guidelines, or policy statement, or sentencing factor does or does not apply." Fed. R. Crim. P. 11(c)(1)(C). Once the judge accepts the plea, the recommendation "binds the court" to impose the sentence selected by the agreement. *Id.* So the original range doesn't necessarily play the same role that it does in a typical sentencing.

The Supreme Court confronted this question squarely in *Hughes v. United States* and has clarified that when the judge accepts the agreed-to sentence from the (c)(1)(C)-plea, he does so "based on" the sentencing range, as § 3582(c)(2) requires. 138 S. Ct. 1765, 1776 (2018). Before the judge accepts the agreement, he must calculate the Guidelines and consider all the circumstances to decide whether the plea—and by extension the recommended sentence—is appropriate. If the agreed-to sentence is outside the range for "justifiable reasons," and "those reasons are set forth with specificity," the judge can accept. *Id.* at 1773 (internal quotation marks omitted). And so if the Guidelines range was "part of the framework" the judge relied on to accept the agreement and impose the sentence, a subsequent amendment to that range amends the basis

for the defendant's sentence. *Id.* at 1775. Thus, even a defendant benefitting from a (c)(1)(C)-plea can be eligible for a § 3582(c)(2) motion. *Id.* at 1776.

And in the mine run of cases involving a (c)(1)(C)-plea, there is "no question" that the range was "a basis for his sentence." *Id.* at 1775–76. District judges are prohibited from accepting the agreement without having first contemplated the range. *Id.* at 1773. And that remains true even when the sentence imposed deviates from that range. When the judge "uses the sentencing range as the beginning point to explain the decision to deviate from it, then the Guidelines are in a real sense the basis for the sentence." *Id.* at 1775 (quoting *Molina-Martinez v. United States*, 578 U.S. 189, 199 (2016)). And (c)(1)(C)-type agreements are no exception—that is, the Guidelines range is "both the starting point and a basis for [a defendant's] ultimate sentence." *Id.* at 1776.

Still, the Court explained that there is a "narrow exception to the general rule" when the defendant's mandatory minimum exceeded the advisory-Guidelines range. *Id.* (citing *Koons v. United States*, 138 S. Ct. 1783, 1788–90 (2018)). In *Koons*, the Court confronted five defendants who had pleaded guilty to drug offenses that carried mandatory minimum sentences. 138 S. Ct. at 1787. For each defendant, the top of his advisory-Guidelines range was *below* the mandatory minimum. *Id.* The district judge concluded that the statutory minimum "superseded the Guidelines range," so discarded the advisory range. *Id.* Thus, when the judge imposed the sentence, it was not based on the original Guidelines range but on the mandatory minimum. *Id.* at 1787–88. And by extension, when the Guidelines were later retroactively amended and these same defendants asked for a § 3582(c)(2) reduction, the Court concluded that they were ineligible. *Id.* at 1788–89.

In their case, the Guidelines range was *superseded by* the mandatory minimum. When that happens, the statutory command overrides the range and "shall be the [final] guideline sentence."

*Id.* at 1787 (alteration in original) (internal quotation marks omitted) (quoting U.S.S.G. § 5G1.1(b)). The judge must effectively disregard the advisory range, then decide to depart or vary based on the mandatory minimum and the facts of the case. *Id.* If a retroactive amendment to the Guidelines lowers the defendant's advisory range, his sentence remains untouched. His sentence was "based on" the mandatory minimum, so he is ineligible for § 3582(c)(2) relief.

The government contends that Payne, under *Koons*, is similarly ineligible for § 3582(c)(2) relief because his sentence was not "based on" the original Guidelines range. Appellee Br. 6–7. We disagree. Unlike in *Koons*, the judge here did not disregard the Guidelines range—he couldn't have. Even with respect to a (c)(1)(C)-plea, district judges are *required* to "calculate and consider a defendant's Guidelines range in *every* case." *Hughes*, 138 S. Ct. at 1775 (emphasis added); *see also* U.S.S.G. § 6B1.2(c) (2021) (policy statement). So if it were true that the judge had disregarded the range, he would be committing procedural error.

*Koons* is narrower than the government suggests. *Koons* contemplates cases, unlike here, where a congressional requirement—like a mandatory minimum—dictates disregard of the advisory range. The mandatory minimum, in effect, becomes the new range. From there, any decision to depart is based on this new minimum, *not* the original Guidelines range. *See, e.g.*, *United States v. Buenrostro*, 895 F.3d 1160, 1164 (9th Cir. 2018) ("A sentence is not based on a sentencing range when it is based instead on a statutory mandatory minimum that exceeds the otherwise applicable Guidelines range." (internal quotation marks omitted)); *United States v. Rivera-Cruz*, 904 F.3d 324, 328 (3d Cir. 2018) ("The Government's 215-month recommendation, in turn, was based expressly on the 240-month statutory maximum. [The defendant's] initial Guidelines range thus did not figure substantively into the District Court's departure determination. Consequently, the Court's ultimate decision . . . is equally untethered from his

initial Guidelines calculation."). Viewed this way, *Koons* is a narrow exception to *Hughes*: A departure from a mandatory minimum is not impacted when the Commission retroactively amends the Guidelines. *Koons*, 138 S. Ct. at 1790.

Under *Hughes*, Payne's Guidelines range was the starting point for the judge's decision to accept the plea and part of the framework for the ultimate sentence. For this reason, Payne is not foreclosed from the benefits of a § 3582(c)(2) motion. We come to this conclusion not because the district judge's denial of a sentence reduction makes this a "moot point," but because *Koons* does not apply. Appellee Br. p.7. With these details clarified, we proceed to the merits of Payne's appeal.

### III.

As a reminder, Payne challenges the procedural and substantive reasonableness of the district judge's decision not to reduce his sentence to thirty-seven months under § 3582(c)(2). In his view, the form order does not adequately explain the judge's consideration of the § 3553(a) factors and why they do not support a reduction to his sentence.

Both the government and Payne agree that his Guidelines range was lowered by Amendment 821. So the only question is whether the judge erred at step two of *Dillon*'s framework when he declined to grant Payne a reduction. This decision is discretionary, so we review its procedural and substantive reasonableness for an abuse of discretion.[3] *United States v. Curry*, 606 F.3d 323, 327 (6th Cir. 2010). "A district court abuses its discretion when it relies on

---

[3] The government suggests in passing that *Bowers* forecloses our ability to review Payne's substantive reasonableness claim. 615 F.3d 715. *Bowers* explains that § 3742(a)'s mandatory-claims-processing rule cuts off appellate review for both claims of procedural and substantive reasonableness. *Supra* Part II.A. But the government expressly *waived* the effects of § 3742(a). So it's a mystery why the government suggests a few pages later that we can't review Payne's substantive reasonableness claim for the same reason.

clearly erroneous findings of fact, or when it improperly applies the law or uses an erroneous legal standard." *Id.* (internal quotation marks omitted). We reverse these decisions only when we are "firmly convinced" a mistake has been made. *United States v. Webb*, 760 F.3d 513, 517 (6th Cir. 2014) (internal quotation marks omitted).

## A.

Payne argues that the form-order explanation was procedurally unreasonable on the grounds that our precedent requires a more thorough explanation. We disagree.

*Gall v. United States* explains the now-familiar expectation that sentences be procedurally reasonable. 552 U.S. 38, 51 (2007). The quintessential examples include a district judge's failure to calculate the Guidelines range, his failure to contemplate the § 3553(a) factors, or his failure to adequately explain the chosen sentence. *Id.* But as we have already explained, § 3582(c)(2) does not entitle the defendant to plenary resentencing. *Dillon*, 560 U.S. at 826. So we have repeatedly upheld a district judge's reliance on form orders as a useful and concise vehicle to resolve these motions.

*Chavez-Meza* offers a guide for appellate courts when they review form orders in the context of § 3582(c)(2) petitions. 138 S. Ct. at 1967–68. A district judge's burden of explanation is case specific. When the case is "conceptually simple," and "the record makes clear that the sentencing judge considered the evidence and arguments," the law does not require the judge to write "extensively." *Id.* at 1963–64 (quoting *Rita v. United States*, 551 U.S. 338, 359 (2007)). A "full opinion" is not required in every case; the "brevity or length, conciseness or detail, when to write, what to say, depends upon [the] circumstances." *Id.* at 1964 (quoting *Rita*, 551 U.S. at 356). At bottom, the judge must "set forth enough to satisfy the appellate court that he has considered the parties' arguments and has a reasoned basis for exercising his own legal decisionmaking

authority." *Id.* (quoting *Rita*, 551 U.S. at 356). In the typical case, it is sufficient that the judge "simply relied upon the record, while making clear that he or she has considered the parties' arguments and . . . the 3553(a) factors, among others." *Id.* at 1965. And this case falls neatly into that category of cases.[4]

A review of the facts of *Chavez-Meza* likewise offers a template for why Payne's form order is procedurally reasonable. In *Chavez-Meza*, at the district court, the parties agreed that retroactive amendments to the Guidelines reduced the defendant's sentencing range. *United States v. Chavez-Meza*, 854 F.3d 655, 657 (10th Cir. 2017). Though Chavez-Meza had asked for a reduction down to 108 months (the bottom of the new advisory-Guidelines range of 108 to 135 months), in a form order the judge reduced the sentence to 114 months. *Id.* The judge said only:

> [H]aving considered [the defendant's] motion, and taking into account the policy statement set forth at USSG § 1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable,
>
> IT IS ORDERED that the motion is . . . GRANTED and the defendant's previously imposed sentence of imprisonment of 135 months is **reduced to** 114 months.

Defendant-Appellant's Opening Brief at 4, *Chavez-Meza*, 854 F.3d 655 (No. 16-2062), 2016 WL 3437650, at *4 (alterations and ellipsis in original). On appeal, Chavez-Meza argued that this order was unreasonable because the district judge had failed to "provide any reasons or explanation

---

[4] Resolving this appeal was made more complicated by the fact that neither Payne nor the government requested the full transcript. In an appeal whose resolution hinges on the "whole record," it's odd that neither party thought it relevant to order the transcript of the original change-of-plea hearing. The docket, the district judge's order, and the briefing make clear that at this November hearing, the judge disagreed with the length of the originally agreed-to sentence of ninety-six months. This detail is important for contextualizing the district judge's familiarity with Payne's case specifically, and the sentence he ultimately imposed—that is, it contextualized the exact issue on appeal. Though in this case there was *other* sufficient evidence in the record to support the judge's decision, this is a reminder to the parties that our appellate review hinges on their satisfaction of these procedural obligations.

for its decision" to reduce the sentence to 114 months rather than the 108 months he had requested. *Id.* An argument the Tenth Circuit rejected. *Chavez-Meza*, 854 F.3d at 656. The panel explained: the district judge had imposed a "guidelines sentence and affirmatively state[d] that it considered the § 3553(a) factors," and that was sufficient. *Id.*

The Supreme Court affirmed. *Chavez-Meza*, 138 S. Ct. at 1968. To do so, it relied on the entire sentencing record, including the requests, discussion, and decisionmaking that took place at the original sentencing. *Id.* at 1966–67. The defendant had sought a variance from the Guidelines based on his history and family circumstances. *Id.* at 1966. The judge had originally rejected this variance, and the same judge ruled on the § 3582(c)(2) motion. *Id.* at 1966–67. There was evidence in the record about his rehabilitation and education, but also evidence of some behavioral infractions in prison. *Id.* at 1967. No one detail was dispositive, rather the inquiry was holistic. Altogether, the Court concluded: "The record as a whole strongly suggests that the judge originally believed that, given [the defendant's] conduct, 135 months was an appropriately high sentence. So it is unsurprising that the judge considered a sentence somewhat higher than the bottom of the reduced range to be appropriate." *Id.* In short, there "was not much else for the judge to say." *Id.*

So too here. Payne insists that the judge didn't expressly *re*consider the details of the original sentencing—for example his drug addiction, his rehabilitative efforts, his previous employment, and his letters of support. Payne also complains that the judge's explanation is in terms of the original sentencing rather than how the § 3553(a) factors weighed at *resentencing* and points to the absence of any discussion of public safety. But the fact that the judge explained his decision in terms of the factors he expressly contemplated at the original sentencing indicates that those same justifications motivated his decision not to adjust Payne's sentence. For example, at the original sentencing the judge considered Payne's rehabilitation, a series of letters from his

former employer lauding his work, and how Payne had made significant efforts to turn his life around. And at the original sentencing when Payne asked for placement at an institution with an RDAP program, the judge made a specific recommendation that Payne have access to it. It's also for this reason that the judge imposed several special conditions to the term of supervised release, like drug testing.

And this is why the judge sent the parties back to the drawing board when they originally proposed a 96-month sentence. That's how Payne ended up with a departure not just 50 months below the originally proposed plea, but 189 months below the bottom of his original Guidelines range. As the judge explained: the same reasons that motivated the original sentencing decision led him to conclude that another departure was not warranted.

*Chavez-Meza* makes clear that the burden of explanation is low, particularly when the same judge who imposed the sentence contemplates the § 3582(c)(2) motion, the judge is familiar with the facts, and the case is factually straightforward. *Id.* at 1967–68. This is especially true where the judge makes the motion for reconsideration on his own. And dozens of cases confirm these points. *Curry*, 606 F.3d at 330–31 (rejecting abuse-of-discretion claim when district judge denied § 3582(c)(2) motion in form order but had considered sentencing factors at original sentencing, and judge said he had reviewed the entire record, party recommendations, and relevant § 3553(a) factors); *United States v. Harvey*, 996 F.3d 310, 314–15 (6th Cir. 2021) (rejecting abuse-of-discretion claim when district judge denied compassionate-release motion in form order based on original sentencing hearing, even though a different judge conducted original sentencing); *United States v. Navarro*, 986 F.3d 668, 671–72 (6th Cir. 2021) (rejecting abuse-of-discretion claim when district judge denied compassionate-release motion as conceptually simple based on the record at the original sentencing, the PSR as adopted by the court, and the defendant's specific-offense

characteristics as found by a different district judge at the original sentencing); *see also United States v. Jones*, 980 F.3d 1098, 1115–16 (6th Cir. 2020); *United States v. Smith*, 958 F.3d 494, 500–01 (6th Cir. 2020).

Payne's invocation of varying concurrences and dissents in these cases does nothing to overcome this conclusion. Appellant Br. p.16–20 (citing *Navarro*, 986 F.3d at 668 (Moore, J., dissenting); *Harvey*, 996 F.3d at 310 (Stranch, J., concurring in the judgment)). Though those separate writings highlight disagreement with the low burden of explanation, we are bound by published majority opinions and Supreme Court precedent. As *Chavez-Meza* makes clear, reasonableness in this context is based on the record as a whole and we do not read the form order in isolation. 138 S. Ct. at 1967.

The rarity of cases to the contrary confirm the point. We have remanded § 3582(c)(2) decisions in form orders only in those unusual circumstances when countervailing factors warranted reconsideration. For example, in *United States v. Battles*, the district judge in a form order denied a § 3582(c)(2) motion but did not explain how the government's support of the motion or how the defendant's ongoing substantial assistance to the government contributed to its decision. 664 F. App'x 491, 495–96 (6th Cir. 2016). Not to mention that the judge had committed a new procedural error by incorrectly calculating the sentencing range. *Id.* at 496; *see also United States v. Howard*, 644 F.3d 455, 460–61 (6th Cir. 2011) (remanding § 3582(c)(2) motion when district court did not indicate in name or substance the § 3553(a) factors that impacted his decisionmaking, nor offered any insights into what weighed in his mind when he rejected the motion).

These examples highlight the exceptional case in which it is "impossible" to tell how the district judge exercised its discretion. *Howard*, 644 F.3d 455, 461 (6th Cir. 2011) (internal

quotation marks omitted) (collecting cases). By contrast, where the form order even impliedly considers the original and revised Guidelines range, we are assured that the judge was anchored by the modified range. *United States v. Thomas*, No. 24-3421, 2024 WL 5055405, at *3 (6th Cir. Dec. 10, 2024). And we have no obligation to conduct an "'overly searching' review" of the district judge's discretion. *Id.* (quoting *Concepcion v. United States*, 142 S. Ct. 2389, 2404 (2022)). In Payne's case, we are not "left to speculate *why* the district court found that the previous reductions . . . rendered any further reduction unwarranted." *Battles*, 664 F. App'x at 496.

The judge need not provide a lengthy explanation. His burden is only to make clear that his decision had a "reasoned basis." *Chavez-Meza*, 138 S. Ct. at 1964 (quoting *Rita*, 551 U.S. at 356). The district judge satisfied that obligation; the brief form order was procedurally reasonable.

**B.**

Payne also argues that the form order was substantively unreasonable. He reincorporates the same procedural unreasonableness arguments claiming the failure to adequately explain the sentence precludes a finding that the judge reasonably balanced the § 3553(a) factors.

Payne faces an uphill battle. We give "considerable deference" to the district judge's sentence in a review for substantive reasonableness, even on a § 3582(c)(2) posture. *United States v. Osborne*, 860 F. App'x 77, 82 (6th Cir. 2021) (quoting *United States v. Faulkner*, 926 F.3d 266, 273 (6th Cir. 2019)). We review the "totality of the circumstances" and so long as the sentence is "sufficient but not greater than necessary[] to comply with the purposes of § 3553(a)," a sentence is substantively reasonable. *United States v. Gates*, 48 F.4th 463, 476–77 (6th Cir. 2022) (internal quotation marks omitted).

As we've already explained, the judge invoked his original sentencing decisions and the accompanying proceedings when he denied Payne's § 3582(c)(2) motion. Though brief, the judge

adequately explained this conceptually simple case; the record supports a finding of the judge's intimate knowledge with Payne's circumstances. Based on the original arguments, the judge believed the originally agreed-to ninety-six-month sentence was too long. He sent the parties away to try again, and then adopted the new plea based on Payne's specific-offense characteristics. He also cited Payne's general rehabilitation, willingness to engage in rehabilitation through RDAP or other treatment program, and the letters of support. *See Osborne*, 860 F. App'x at 82 ("The court invoked its previous analysis and factors that it considered in 2017 including, 'the risk the defendant poses to public safety, the nature and circumstances of the defendant's offense(s), the defendant's personal characteristics, criminal history, and post-sentencing conduct."). Though brief, the order addresses these same concerns and leaves Payne's sentence intact. No error occurred.

## IV.

For the foregoing reasons, we affirm Payne's sentence.