In re Kelsey

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 29th day of December, two thousand twenty-five.

PRESENT:
> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

---

IN RE BRIAN KELSEY,

Attorney.

23-90034-am

ORDER OF
GRIEVANCE PANEL

---

FOR ATTORNEY:

BRIAN KELSEY
Washington, D.C.

Brian Kelsey moves for (a) this Court's 2023 reciprocal suspension order to be lifted, (b) dismissal of this disciplinary proceeding, and (c) renewal of his admission to this Court's bar for an additional five-year term.

In October 2023, this Court reciprocally suspended Kelsey based on a December 2022 suspension order issued by the Supreme Court of Tennessee. The Tennessee order, in turn, was based

on Kelsey's guilty plea, in the United States District Court for the Middle District of Tennessee, to conspiracy to defraud the United States and aiding and abetting the acceptance of excess campaign contributions. *See United States v. Kelsey*, No. 21-cr-264 (M.D. Tenn.), doc. 155 (judgment), doc. 159 (order amending judgment).

Kelsey has informed this Court of subsequent developments relevant to the Court's reciprocal suspension. In March 2025, Kelsey was granted a presidential grant of clemency—specifically, "a full and unconditional pardon" for the above-noted crimes and an instruction that Kelsey be immediately released from prison. As a result of that pardon, the Supreme Court of Tennessee reinstated Kelsey to that state's bar, rejecting the position of the Tennessee Board of Professional Responsibility.[1] *See In re Kelsey*, No. M2025-00701-SC-BAR-BP (Tenn.), 8/20/2025 order.

Because this Court's reciprocal suspension was based entirely on the Tennessee suspension, and was imposed "upon such terms and conditions as set forth" in the Tennessee order, Kelsey is entitled to the lifting of this Court's suspension. Upon due consideration, it is hereby ORDERED that the suspension imposed in this Court's October 2023 order is terminated and this proceeding is dismissed.

It is further ORDERED that Kelsey's request for renewal of his admission to this Court's bar is DENIED, without prejudice, because this Court has not received a renewal application that satisfies this Court's requirements. Although Kelsey states that he submitted a renewal application, we are informed that Kelsey was contacted about defects in his application but he did not submit a corrected application. Kelsey is advised to request the relevant forms from this Court's Clerk's Office.

Finally, it is ORDERED that Kelsey address the following issues in his renewal application: (1)

---

[1] The Tennessee Supreme Court's order also stated that Kelsey's reinstatement would not terminate "any formal proceeding . . . pending against him," but did not suggest there was any such pending proceeding.

2

whether the presidential pardon should be deemed to have vacated the above-noted criminal convictions or simply terminated the sentence;[2] and (2) assuming the convictions were not vacated, whether they affect Kelsey's request for renewal of his admission. *See* Fed. R. App. P. 46(a)(1) (requiring bar applicant to be, inter alia, "of good moral and professional character"); *cf.* 2d Cir. Local Rule 46.2(d) (governing attorney suspensions and disbarments based on criminal convictions). The application should be accompanied by any post-judgment orders in Kelsey's criminal action concerning the current status of his criminal judgment, the transcript of his guilty plea hearing, and the transcript of his sentencing hearing.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] *See Hirschberg v. Commodity Futures Trading Comm'n*, 414 F.3d 679, 682 (7th Cir. 2005) ("A pardon in no way reverses the legal conclusion of the courts; it 'does not blot out guilt or expunge a judgment of conviction.'" (quoting *In re North*, 62 F.3d 1434, 1437 (D.C. Cir. 1994)); *accord United States v. Corkern*, No. 24-60189, 2024 WL 5199332, at *4 (5th Cir. Dec. 23, 2024) (holding defendant lacked right to expungement of criminal judgment based on presidential pardon); *United States v. Noonan*, 906 F.2d 952, 960 (3d Cir. 1990) ("[W]e conclude that the Presidential pardon of 1977 does not eliminate Noonan's 1968 conviction and does not 'create any factual fiction' that Noonan's conviction had not occurred to justify expunction of his criminal court record."); *see also Nixon v. United States*, 506 U.S. 224, 232 (1993) ("[T]he granting of a pardon is in no sense an overturning of a judgment of conviction by some other tribunal; it is '[a]n executive action that mitigates or sets aside *punishment* for a crime.' Black's Law Dictionary 1113 (6th ed. 1990) (emphasis added).") (discussing pardon power in dicta); *United States v. Buenrostro*, 895 F.3d 1160, 1166 (9th Cir. 2018) ("A presidential commutation [of a sentence] does not invalidate the prior court-imposed judgment."); *Robson v. United States*, 526 F.2d 1145, 1147 (1st Cir. 1975) ("[T]he fact that petitioner has been pardoned does not relieve him from all the disabilities of a conviction. His conviction may be considered at sentencing in any subsequent criminal proceeding, and may result in heavier penalties, or may be introduced to impeach credibility." (citations omitted)).

.